601 F.2d 730
 79-2 USTC P 9474
 Dennis M. and Linda BABEAUX, Appellees,
v.
COMMISSIONER OF INTERNAL REVENUE, Appellant.
Ira L. PATRICK and Maisie S. Patrick, Appellees,
v.
COMMISSIONER OF INTERNAL REVENUE, Appellant.
James Marion WALDROP, Appellee,
v.
COMMISSIONER OF INTERNAL REVENUE, Appellant.
 Nos. 78-1015, 78-1018 and 78-1019.
 United States Court of Appeals,
Fourth Circuit.
 Argued March 7, 1979.
Decided July 12, 1979.
 
 James A. Riedy, Tax Div., Dept. of Justice, Washington, D. C. (M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews and Richard Farber, Tax Div., Dept. of Justice, Washington, D. C., on brief), for appellant.
 James M. Waldrop, pro se.
 Mark Maland, Elizabeth City, N. C., for appellees.
 Robert J. Jones, Washington, D. C. (Paul S. Berger, Thomas C. Spring, Arnold & Porter, Washington, D. C., on brief), for amicus curiae Building and Construction Trades Department, AFL-CIO.
 Before RUSSELL and PHILLIPS, Circuit Judges, and EDWARD DUMBAULD, Senior United States District Judge for the Western District of Pennsylvania, sitting by designation.
 PER CURIAM:
 
 
 1
 Each of the three cases before this court is an appeal by the Commissioner of Internal Revenue from a decision of the Tax Court in which the court sustained certain deductions taken by the respective taxpayers for the tax years 1973 and/or 1974. In general, each case involves a construction worker who accepted employment at a site away from his place of personal residence. The taxpayers lived near their places of employment during the week and ate their meals there, and then traveled to their personal residences for the weekend. There was no definite agreement as to the length of employment, but the construction projects involved were long-term nuclear power plants. The periods of employment ranged from 19 to 32 months, and in each case the taxpayer voluntarily terminated his employment for personal reasons. Taxpayers deducted as business expenses under Section 162(a)(2) of the Internal Revenue Code of 1954 the cost of lodging and meals at their job sites, and the cost of transportation incurred in traveling between their places of employment and their personal residences.
 
 
 2
 In Commissioner of Internal Revenue v. Peurifoy (4th Cir. 1957) 254 F.2d 483, 486-87, Aff'd. 358 U.S. 59, 79 S.Ct. 104, 3 L.Ed.2d 30 (1958) (per curiam) this court had occasion to consider deductions claimed in circumstances almost identical to those in these cases. While recognizing that maintenance and travel expenses would be deductible when employment away from home was temporary and of short duration, the court held that such expenses were not ordinary and necessary business expenses and thus not deductible when the employment is of a substantial or indefinite duration. Finding that the taxpayers had failed to show that their employment was not of indefinite duration, the court sustained the Commissioner's deficiency determinations.
 
 
 3
 We find the cases presently before us to be indistinguishable from Peurifoy, and accordingly, however sympathetic we may be to the taxpayers' position, we are compelled by Peurifoy to sustain the disallowance of the deductions sought by the taxpayers. The judgments of the Tax Court are, therefore,
 
 
 4
 REVERSED.
 
 DUMBAULD, Senior District Judge, concurring:
 
 5
 Starting from the incontestable assumption that the Tax Court surely knows more about tax law than I do, my inclination A priori would be to affirm its decision in favor of these taxpayers. Furthermore, the exercise of my independent judgment would lead me to the same disposition of the case at bar as the result of applying the law as actually enacted by Congress to the circumstances established in the record with respect to the situation of these taxpayers.
 
 
 6
 To me the able argument presented on behalf of the taxpayers was both impressive and convincing. Counsel's analysis of the complex array of cases on the topic, each of which ultimately depends on its own facts (Commissioner v. Flowers, 326 U.S. 465, 470, 66 S.Ct. 250, 90 L.Ed. 203 (1946)), deftly established the controlling principle that the deductibility Vel non of travel and subsistence expenses turns on whether or not it was reasonable under the totality of circumstances for the taxpayer not to establish his home at the place of his employment.
 
 
 7
 At the one extreme are cases where maintenance of a residence elsewhere than at the place of work is purely for personal reasons, as in the case of a railroad lawyer preferring not to move to the city where his business headquarters was located. Commissioner v. Flowers, 326 U.S. 465, 473, 66 S.Ct. 250, 90 L.Ed. 203 (1946).
 
 
 8
 At the other extreme would be a telephone worker or atomic scientist visiting a locality stricken by hurricane or reactor failure, where the task is obviously temporary and no facilities exist for establishing a household or participating in a stable family life.
 
 
 9
 Somewhere between falls the situation of the taxpayers in the case at bar. In my judgment the conditions and probable duration of their jobs, in the totality of circumstances proved on the record, reasonably justified their choice not to tear up their roots in the communities where they were established (one of them had lived there for four generations, another was operating a business) in order to relocate their families at the construction site. I do not view their actions as motivated by arbitrary personal preference, but by legitimate business judgment.
 
 
 10
 However, I do not regard the situation of the taxpayers in the case at bar as substantially different from that disclosed in Commissioner v. Peurifoy, 254 F.2d 483 (C.A.4, 1957), and consider that precedent as precluding a decision here in favor of the taxpayers.
 
 
 11
 I accept the maxim of medieval Roman law that the gloss prevails over the statutory language: Quidquid non agnoscit glossa, id non agnoscit curia (What is not known in the gloss is not known by the court).[1] It would ill become a Yankee interloper (on too temporary a sojourn even to be regarded as a "carpetbagger") to dissent from settled Fourth Circuit jurisprudence. I therefore concur, for the reasons stated above, with the majority in reversing the Tax Court.
 
 
 
 [1]
 See Dumbauld, The Life and Legal Writings of Hugo Grotius, 168 (1969)