BERNIE MONROE JAMERSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jamerson v. Commissioner
Docket No. 7553-85.
United States Tax Court
T.C. Memo 1986-302; 1986 Tax Ct. Memo LEXIS 307; 51 T.C.M. (CCH) 1473; T.C.M. (RIA) 86302; July 22, 1986. Bernie Monroe Jamerson, pro se. Scott Anderson, for the respondent. POWELL
MEMORANDUM FINDINGS OF FACT AND OPINION POWELL, Special Trial Judge: This case was assigned pursuant to Rule 180 et seq. and section 7456(d). [1]
Petitioner filed his 1983 *308 Federal income tax return on which he reported income from wages in the amount of $36,165.18 and from interest in the amount of $26.46. He claimed one exemption for himself and a miscellaneous deduction in the amount of $36,165.18 for "tools." By a notice of deficiency, dated December 31, 1984, respondent disallowed the $36,165.18 deduction and determined a deficiency in tax for 1983 in the amount of $10,284 and additions to tax under sections 6653(a)(1) and 6653(a)(2). Petitioner timely filed a petition with this Court in which he claimed that he was entitled to deductions for travel ($8,273), interest ($5,703.70), contributions ($382), union dues ($1,076.14), tax preparation ($1,200) and other deductions ($1,279.84). Petitioner did not claim that he was entitled to the $36,165.18 deduction for "tools." Thus, the amount of the deficiency actually placed in dispute is less than $10,000. At the time the petition was filed, as well as during the year at issue, petitioner resided in Richmond, Virginia. In his answer respondent generally denied the allegations in the petition and raised, for the first time, the issues whether petitioner received during 1983 additional income from *309 unemployment compensation ($1,104) and state income tax refunds, for which prior deductions were claimed for 1981 ($1,518.35) and 1982 ($1,974.52). Prior to trial, petitioner conceded that he received $1,104 unemployment compensation and a tax refund of $564.53 during 1983. Respondent conceded that petitioner was entitled to claim three additional exemptions and the following deductions: Interest
$5,953.77
Contributions
382.00
Union dues
1,001.67
Taxes
2,241.41
Work clothes
82.53
The issues before the Court are as follows: [2]
(1) Whether petitioner is entitled (under section 162(a)) to a deduction for transportation and tolls to his job site at the North Anna Power Plant. (2) Whether petitioner is entitled to travel expenses while employed at Hope Creek Power Plant in New Jersey and at Beaver, Pennsylvania. (3) Whether petitioner is entitled to a deduction for job hunting expenses. (4) Whether petitioner failed to report state income tax refunds (in addition to $564.53). (5) Whether additions to tax under section 6653(a) should be sustained. *310 The facts relevant to these issues are as follows: Travel and Related Expenses
Petitioner is an electrician by trade. Generally his employment is arranged through the union hall. In December, 1980, he was employed at the North Anna (Virginia) nuclear power plant and, with the exception of a two-week period in 1982, he was employed there until May, 1983. [3] During that two-week period petitioner was sent by the union hall to the Surrey (Virginia) nuclear facility because he had a security clearance required to do the work there. During 1983 petitioner drove 12,480 miles between his residence and the North Anna facility and paid $57.60 in tolls. After this employment terminated in 1983, petitioner went to Vineland, New Jersey where he contacted the local union hall. On this trip he drove 540 miles and paid tolls of $6.40. Subsequently, he was employed for 91 days at the Hope Creek, New Jersey, nuclear facility. During this period, he returned to Richmond on the weekends. Petitioner's living expenses (meals and lodging) were $1,427.56, and he drove 2,320 miles between *311 Richmond and the New Jersey job site and paid tolls of $5.40. In addition, he drove 300 miles to White Plains, New York, seeking employment when the Hope Creek job terminated. Petitioner returned to Richmond and worked in that area at the Dutch Gap Power Station until November when he was laid off. He then went to Beaver, Pennsylvania, where he worked at a steel mill until December 23, 1983. Petitioner's living expenses (meals and lodging) during this latter period were $343.95. He drove 1,250 miles and paid $7.40 in tolls. State Tax Refund
On December 27, 1983, two checks in the amounts of $1,518.35 and $1,409.99, payable to petitioner and his wife, were written by the Commonwealth of Virginia. These checks represented state income tax refunds for the years 1981 and 1982. Petitioner and his wife itemized their deductions on the 1981 and 1982 tax returns. There is no evidence that the checks were mailed on December 27, 1983. Petitioner deposited the checks on January 6, 1984. OPINION Travel and Related Expenses -- During 1983 petitioner had four jobs -- the North Anna project, the Hope Creek project, the Dutch Gap Power Plant and the steel mill at Beaver, *312 Pennsylvania. Petitioner seeks to deduct his travel expenses to the North Anna project, the Hope Creek project and the steel mill, as well as to Vineland, New Jersey and White Plains, New York where he sought employment. Personal expenses are not deductible, unless the contrary is "expressly provided" in chapter 1 (sec. 262).[4] The transportation expenses ordinarily incurred in going between one's abode and one's place of business are nondeductible personal expenses under section 262. Fausner v. Commissioner,413 U.S. 838 (1973); Commissioner v. Flowers,326 U.S. 465 (1946); section 1.262-1(b)(5), Income Tax Regs. Section 162(a) [5] expressly provides for the deduction of all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. Generally, for transportation expenses to be deductible as expenses incurred in pursuit of business, "[t]he exigencies of business rather than the personal convenience and necessities of the traveler must be the motivating factors." Commissioner v. Flowers,supra at 474. *313 Petitioner does not contend that his North Anna expenses are deductible under section 162(a)(2) as traveling expenses while away from home. See United States v. Correll,389 U.S. 299 (1967); Coombs v. Commissioner,608 F.2d 1269, 1276-1277 (9th Cir. 1979), affg. in part and revg. in part 67 T.C. 426 (1976). He asserts, instead, that his transportation expenses are deductible as ordinary and necessary business expenses under the "lead-in language" of section 162(a). An exception has been developed to the general rule that "home" as used in section 162(a)(2) means the vicinity of the taxpayer's principal place of employment and not where his or her personal residence is located. Under this exception, a taxpayer's personal residence may be his or her "tax home", and the taxpayer's absence from that home may give rise to an ordinary and necessary expense of the taxpayer's trade or business, if the taxpayer's principal place of business is "temporary", rather than "indefinite". See Peurifoy v. Commissioner,358 U.S. 59, 60 (1958). This exception is relevant to section 162(a)(2) cases but not to general section 162(a) *314 cases. Turner v. Commissioner,56 T.C. 27 (1971), vacated and remanded on respondent's motion in an unpublished order (2d Cir. 1972). See Coombs v. Commissioner,supra at 1276 n.3. Nevertheless, the parties herein have framed their dispute in terms of whether petitioner's work at the North Anna project site during the years before the Court was "temporary", or "indefinite", within the meaning of the Peurifoy exception. Historically, the Court has decided cases such as the present one under such terms when the parties have so framed the issue. McCallister v. Commissioner,70 T.C. 505, 508 (1978); Norwood v. Commissioner,66 T.C. 467, 469 (1976). Under this Peurifoy exception, a place of business is a "temporary" place of business if the employment is such that "termination within a short period could be foreseen". Albert v. Commissioner,13 T.C. 129, 131 (1949). See Michaels v. Commissioner,53 T.C. 269, 273 (1969). Or, viewed from the other side of the coin, an employment is for an "indefinite", "substantial", or "indeterminate" period of time if "its termination *315 cannot be foreseen within a fixed or reasonably short period of time." Stricker v. Commissioner,54 T.C. 355, 361 (1970), affd. 438 F.2d 1216 (6th Cir. 1971). "Further, if the employment while away from home, even if temporary in its inception, becomes substantial, indefinite, or indeterminate in duration, the situs of such employment for purposes of the statute becomes the taxpayer's home." Kroll v. Commissioner,49 T.C. 557, 562 (1968). These are questions of fact ( Peurifoy v. Commissioner,supra at 60-61), as to which petitioners have the burden of proof ( Daly v. Commissioner,72 T.C. 190, 197 (1979), affd. 662 F.2d 253 (4th Cir. 1981)). On the basis of the record in this case we conclude that petitioner has failed to carry his burden of proving that his employment at the North Anna project was temporary. Rather the record indicates that this employment must be characterized as indefinite. Petitioner began working at North Anna in 1980 and his employment was virtually uninterrupted for approximately two and one-half years. The Fourth Circuit, to which an appeal would lie in this *316 case, has repeatedly rejected other taxpayers' contentions that similar employment is temporary. See Commissioner v. Peurifoy,254 F.2d 483, 486-487 (4th Cir. 1957), affd. per curiam 358 U.S. 59 (1958); Babeaux v. Commissioner,601 F.2d 730 (4th Cir. 1979), reversing per curiam three Memorandum Opinions of this Court. [6] Accordingly, petitioner is not entitled to any deduction while at North Anna. Petitioner's subsequent employments during 1983 in New Jersey and Pennsylvania, however, stand on different footing. During these periods he was working where he could find employment even though for a short duration. In both locations, local union members were given priority and, indeed, these jobs lasted for short periods. Accordingly, petitioner *317 is entitled to deductions for his travel expenses in New Jersey and Pennsylvania. Similarly, petitioner is entitled to deduct his travel expenses incurred on the trips to Veneland, New Jersey and White Plains, New York, while seeking employment. State Tax Refund: This issue was raised for the first time in respondent's answer, and he bears the burden of proof. Rule 142(a). It is not disputed that petitioner must include the amount of these checks in income. The question is whether they are includable in 1983 or 1984, the latter being a year that is not before the Court. Petitioner used the cash method of accounting, and he recognizes income when it is actually received. Accordingly, the question before the Court is whether the checks were received in 1983 or 1984. See Avery v. Commissioner,292 U.S. 210 (1934). The record before us contains scant evidence on this question. We know that the checks were dated December 27, 1983, and that petitioner deposited the checks on January 6, 1984. We are not informed whether the general practice of the Commonwealth of Virginia was to mail tax refund checks on the day that they are dated. The only other information *318 we have is petitioner's testimony that he generally would cash a check of this size as soon as practical and our judicial notice of the fact that mail during the Christmas season is generally delayed. Thus, on the basis of this record, we can conclude only that respondent has failed to prove that these checks were received by petitioner in 1983. Negligence
Respondent determined that petitioner was liable for additions to tax under sections 6653(a)(1) and (2). These sections provide for additions to tax if any part of an underpayment of tax is due to negligence or an intentional disregard of the rules and regulations. The burden of proof is on petitioner to establish that he is not liable for the additions to tax. Marcello v. Commissioner,380 F.2d 499, 506 (5th Cir. 1967), affg. a Memorandum Opinion of this Court on this point. When petitioner filed his 1983 tax return he claimed one deduction in the amount of $36,165.18 for "tools." There was absolutely no basis in law or fact, for the deduction claimed, and petitioner wisely did not pursue the issue in this Court. Nonetheless, the deduction claimed was clearly due to an intentional disregard of the *319 rules and regulations and gave rise to an underpayment of tax. Accordingly, petitioner is liable for the additions to tax under section 6653(a). Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, and as in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Rpocedure, except as otherwise provided.↩
2. In the petition, petitioner alleged that he was also entitled to a deduction for expenses in the preparation of his return. No evidence was offered on this issue and the issue is deemed to have been conceded.↩
3. During this period petitioner apparently also was laid off for several short periods of time.↩
4. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses. ↩
5. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. -- There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including -- * * * (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; * * *↩
6. Petitioner contends that his employment at North Anna should be bifurcated because of his two-week employment in 1982 at the Surrey Power Plant. We do not consider this interruption significant. It appears to us that, in reality, petitioner was "loaned" to Surrey because he had the necessary security clearance. There is no evidence that his job at North Anna was permanently terminated.↩