ROBERT C. GREENWOOD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Greenwood v. Commissioner
Docket No. 737-85.
United States Tax Court
T.C. Memo 1989-166; 1989 Tax Ct. Memo LEXIS 169; 57 T.C.M. (CCH) 109; T.C.M. (RIA) 89166; April 17, 1989. Robert C. Greenwood, pro se. T. Keith Fogg, for the respondent. CLAPP
MEMORANDUM FINDINGS OF FACT AND OPINION CLAPP, Judge: Respondent determined a deficiency in the amount of $ 2,234 in petitioner's Federal income tax for the calendar tax year 1981. After a concession by petitioner, the sole issue for decision is the deductibility of travel, business and lodging expenses incurred by petitioner, who maintained a primary residence in King George, Virginia, while employed as a pipefitter-welder at the Calvert Cliffs Nuclear Generating Station (Calvert Cliffs) in Lusby, Maryland. The narrow question is whether petitioner's employment was temporary or indefinite. *170 If the former, expenses are deductible as travel and business expenses incurred while away from home under section 162(a)(2). [1] If the latter, they are nondeductible commuting expenses. FINDINGS OF FACT Petitioner resided in King George, Virginia when he filed his petition. Petitioner is a pipefitter-welder, who belongs to a union local based in Washington, D.C. Petitioner was hired by Catalytic, Inc. in 1979 to work at Calvert Cliffs. He had previously worked there from 1971 to 1974. The Calvert Cliffs plant *171 is located 60 miles from petitioner's home in King George County, Virginia. In early 1981, he was working on periodic maintenance related to a unit shutdown when he was laid off for approximately 3 days. He was re-employed by Catalytic Inc., April 14, 1981 and worked through through May 21, 1981, when he was again laid off due to a reduction-in-force. Petitioner was rehired on May 22, 1981, and worked until April 1983, at which time he was laid off due to a further reduction-in-force. He worked on at least two different jobs within the plant during this time, both associated with his skill as a pipefitter-welder. Overall, he worked a total of almost 4 years at Calvert Cliffs, with only two interruptions totaling at most 4 days and an extended absence due to illness from July 10, 1981 through August 28, 1981. During the period from January to April 8, 1981, petitioner rented a room in St. Leonard, Maryland, which is 11 miles from the plant. This enabled him to work 10- to 12-hour days. The remaining 31 weeks of 1981, petitioner commuted daily from his residence in King George, Virginia to the plant. During 1981, petitioner did not know when his work assignment at Calvert Cliffs *172 would end. At trial, petitioner presented a letter from the Calvert Cliffs employment office which stated in effect that all employees who work there can be fired at any time. Petitioner kept a diary of his lodging and meal costs while staying in St. Leonard, Maryland. Based on this diary, petitioner's records reflected the following expenses in comparison with the amounts claimed on his 1981 return. Per Return
Per Records
Lodging
$   650.00
$   522.50
Meals
1,800.00
634.45
Travel Mileage
3,553.00
3,430.98
Tolls
-0-
227.50
Total
$ 6,003.00
$ 4,815.43
Petitioner has conceded that the expenses reflected in his records, rather than on his return, are the appropriate amounts should a deduction of expenses be allowed. The travel expenses for 1981 were disallowed by respondent on the grounds that petitioner's job assignment at Calvert Cliffs was indefinite and not temporary, his expenses therefore not having been incurred while away from "home" for purposes of section 162(a)(2). OPINION Section 162(a) (2) provides a deduction for travel expenses including meals and lodging incurred while away from *173 home in pursuit of a trade or business. The general rule is that a taxpayer's home for tax purposes is his principal place of employment except when the job assignment is expected to last for only a "temporary" period. The "purpose of [section 162(a) (2)] is to mitigate the burden of the taxpayer who, because of the exigencies of his trade or business, must maintain two places of abode and thereby incur additional and duplicate living expenses." Kroll v. Commissioner,49 T.C. 557, 562 (1968), citing Verner v. Commissioner,39 T.C. 749 (1963), and James v. United States,308 F.2d 204 (9th Cir. 1962). However, deductibility of expenses under that section is predicated upon a showing by the taxpayer that such expenses were reasonable and necessary traveling expenses incurred while "away from home" in pursuit of a trade or business, and not that the taxpayer resides other than at the place of work for purely personal reasons. Commissioner v. Flowers,326 U.S. 465, 470 (1946). The burden of proof is upon the taxpayer. Rule 142(a), Tax Court Rules of Practice and Procedure.
Determination of whether a taxpayer is *174 away from home turns on whether his employment at the distant location is temporary or indefinite. See Peurifoy v. Commissioner,358 U.S. 59 (1958), (per curiam) and cases cited therein; Babeaux v. Commissioner,601 F.2d 730 (4th Cir. 1979), revg. a Memorandum Opinion of this Court. If the employment is temporary, then the taxpayer's tax home is his primary residence; if the employment is indefinite, his tax home for purposes of section 162(a)(2) is the vicinity of his principal place of employment, not his distant abode. See Kroll v. Commissioner, supra.Whether petitioner's employment was temporary or indefinite is a question of fact. See Schurer v. Commissioner,3 T.C. 544, 546 (1944), cited with approval in Peurifoy v. Commissioner, supra at 61. When the evidence indicates that the taxpayer has a reasonable expectation that the assignment would last less than a year it was held to be temporary, even though it lasted longer. See Michaels v. Commissioner,53 T.C. 269 (1969). The Tax Court has held that to be temporary, the job must be expected to terminate within a "short" period *175 of time although no precise "short" period has been defined. See Norwood v. Commissioner,66 T.C. 467 (1976). A taxpayer may discharge his burden of proof by showing that his employment is such that "termination within a short period could be foreseen." Albert v. Commissioner,13 T.C. 129, 131 (1949). Conversely, the taxpayer fails to carry his burden if the evidence indicates that his employment was indefinite, i.e., "its termination [could not have been] foreseen within a fixed or reasonably short period of time." Stricker v. Commissioner,54 T.C. 355, 361 (1970), affd. 438 F.2d 1216 (6th Cir. 1971). Furthermore, when employment which was temporary in contemplation at the start becomes indeterminate in duration, then "the situs of such employment for purposes of the statute becomes the taxpayer's home." Kroll v. Commissioner,49 T.C. at 562. Moreover, employment may change from temporary to indefinite due to changed circumstances or simply by the passage of time. Norwood v. Commissioner,66 T.C. 467, 470 (1976). Several cases have dealt with whether a construction worker's and/or *176 welder's employment was temporary or indefinite. See Peurifoy v. Commissioner, supra;Babeaux v. Commissioner, supra. Despite petitioner's argument that construction worker's employment can never be considered permanent because he goes where the union sends him for an unknown period of time, the law is such that unless the employment is "temporary," a work site becomes a home for tax purposes.[2] In Babeaux v. Commissioner, supra, for example, taxpayers employed as construction workers who accepted jobs at sites away from their personal residences, lived near their work site during the week and travelled to their personal residences for the weekend were not entitled to the section 162(a) deduction where they were employed on projects ranging from 19 to 32 months, even though they had no specific agreement as to the length of their employment when the job began. Their employment was found to be "indefinite." *177 Based on the foregoing, petitioner has failed to prove that for purposes of section 162(a)(2) that his employment was temporary and not indefinite. Petitioner's argument that he had no way of knowing when his job would be terminated is not persuasive. [3] We have repeatedly concluded that the classification of an employee as "temporary" in an employment contract cannot alone determine the issue. Garlock v. Commissioner,34 T.C. 611, 616 (1960). The test is not the uncertainty of continued employment; rather, it is the reasonable expectation of termination within a short period. We cannot find that petitioner had a reasonable expectation of termination within a short time. He worked a total of 47 months at Calvert Cliffs with only a 4-day work interruption and an extended absence due to illness from July 10, 1981 through August 28, 1981. Based on this history of continually being picked up after being laid off for mere days in between constant work schedules, the facts and circumstances do not support a conclusion that petitioner's employment at the plant could reasonably be expected, in 1981, to terminate within a short time despite that it may have began as a "temporary" *178 employment. In fact, he remained there until 1983. On this issue, we hold for respondent. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Section 162(a)(2) provides: Sec. 162. TRADE OR BUSINESS EXPENSES. (a) In General. -- There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including -- * * * (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business.↩
2. As was stated in Bates v. Commissioner,T.C. Memo. 1985-153: We understand the confusion caused to petitioners by the fact that the meaning of the word "temporary" in their work contracts is different from the meaning of the word "temporary" as a term of art for business expense purposes under section 162. In view of the extensive judicial precedent on this tax issue, petitioners must look to the Congress for establishment of a different rule. See also Babeaux v. Commissioner,601 F.2d 730, 732↩ (4th Cir. 1979), revg. a Memorandum Opinion of this Court. (Dumbauld, J., concurring.) 3. Petitioner testified "I'm sent to a job from my local union by my business manager. I'm not sent there as permanent personnel because when the job is finished, you're gone. They send you away." Petitioner continued that his employer told him he would be there for only a period of 6 weeks, but "it wound up to be much more time than that. * * * But each time it came to layoffs they always picked up more work or I was picked to stay and didn't make the layoffs." ↩