T.C. Summary Opinion 2002-122

UNITED STATES TAX COURT

JON D. DEZAGOTTIS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3497-00S.                    Filed September 23, 2002.

Jon D. Dezagottis, pro se.

<u>Bradley C. Plovan</u>, for respondent.

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1994 in the amount of $2,011 and an addition to tax of $503 pursuant to section 6651(a)(1).

Some of the facts in this case have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner lived in Mechanicsburg, Pennsylvania.

In the notice of deficiency, respondent determined that petitioner: (1) Failed to report $12,255 of income which was subject to self-employment tax; (2) failed to report a 1993 State of Virginia income tax refund of $410; (3) failed to report dividend income of $75; (4) failed to report interest income of $185; and (5) was subject to an addition to tax of $503 pursuant to section 6651(a)(1) for failure to file the return by the prescribed due date.

In the Stipulation of Facts, petitioner conceded that the income tax refund, dividend income, and interest income, which collectively totaled $670, are includable in income for the year at issue. In addition, respondent conceded that credit card advances totaling $1,862 that were initially included in the unexplained bank deposits of $12,255 are not includable in income. Therefore at trial, only $10,393 of unexplained bank deposits treated as unreported business income is at issue.

After the above-mentioned concessions, the remaining issues

for decision are: (1) Whether petitioner had unreported income of $10,393; (2) whether petitioner is liable for self-employment tax on unreported income; and (3) whether petitioner is liable for an addition to tax under section 6651(a)(1) for the taxable year 1994. Adjustments to the self-employment income tax and the deduction therefor are computational and will be resolved by the Court's holding in this case.

During 1994, petitioner maintained a checking account with Crestar Bank. Petitioner made various deposits into the checking account throughout the year totaling $25,860. The various deposits are categorized as follows: (1) A 1993 State of Virginia income tax refund for $410; (2) dividend income of $75; (3) interest income of $185; (4) overdraft protection deposits of $1,271; (5) credit card advances totaling $1,862; and (6) proceeds from stock sale transactions of $11,664. As previously stated, respondent is now contending that the difference, or $10,393, is income from unexplained bank deposits.

On his tax return, petitioner reported total income of $3,274, consisting of $3,229 of wages and $45 of taxable interest income. In the notice of deficiency, respondent deducted these reported amounts in computing petitioner's corrected income.

For some period during 1994, petitioner worked for Merkle & Company (Merkle) as a real estate appraiser. However, petitioner cannot recollect the exact dates in 1994 that he worked for

Merkle. Furthermore, petitioner is not sure whether he was an employee of Merkle or an independent contractor.

Petitioner did not file his 1994 Federal income tax return by the April 17, 1995, due date.[1] Additionally, petitioner did not file for an extension of time to file the 1994 tax return. Petitioner dated his return April 28, 1997.[2] Thus, at a minimum, the return was filed more than 2 years after the original due date.

The determinations of the Commissioner in a notice of deficiency are presumed correct, and the burden is on the taxpayer to show that the determinations are incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).[3]

1. Unreported Income

A taxpayer's gross income generally includes "all income from whatever source derived". Sec. 61(a). A taxpayer is required to maintain records sufficient to establish the amount

---

[1] Individual income tax returns are generally due on Apr. 15 of each year, but since Apr. 15, 1995, was a Saturday, the due date was extended until Monday, Apr. 17, 1995.

[2] The actual date the return was filed is not in the record. Respondent testified that the return was filed in May 1997.

[3] Sec. 7491 does not apply in this case to place the burden of proof on respondent because petitioner neither alleged that sec. 7491 was applicable nor established that he fully complied with the substantiation requirements of sec. 7491(a)(2)(A).

of his or her income.  Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.  In the absence of adequate books and records, the Commissioner may reconstruct a taxpayer's income by any reasonable method.  See sec. 446(b); Holland v. United States, 348 U.S. 121 (1954).  The bank deposits method has long been recognized as a reasonable method to reconstruct income where the taxpayer's records are inaccurate or incomplete.  See Estate of Mason v. Commissioner, 64 T.C. 651, 656 (1975), affd. 566 F.2d 2 (6th Cir. 1977).  "Though not conclusive, bank deposits are prima facie evidence of income."  Id.  The Commissioner is not required to show that all deposits constitute income and need not show a likely source of that income.  See id. at 657; Gemma v. Commissioner, 46 T.C. 821, 833 (1966).

At trial, petitioner testified that the remaining unidentified deposits totaling $10,393 were derived from additional credit card cash advances and from earnings from Merkle.  However, petitioner presented absolutely no evidence to corroborate his testimony.  No credit card receipts or earning statements were presented at trial.  Petitioner testified that he entered into many credit card cash advance transactions during 1994, but he could not estimate the amount.  Further, petitioner testified that he "couldn't exactly say, nor * * * even guess roughly" what his earnings may have been from Merkle for the year at issue.

We find the testimony given by petitioner to be too vague and based too much upon conjecture to establish that the $10,393 of bank deposits at issue were derived from credit card cash advances, earnings from Merkle, or a combination of both. Furthermore, we find no other evidence in the record which establishes that the $10,393 of funds deposited into petitioner's checking bank account were nontaxable. In the absence of such evidence, we must find for respondent on this issue.

## 2. Self-Employment Tax

Respondent determined that petitioner is liable for self-employment tax on the unreported income. Section 1401 imposes a tax on the self-employment income of individuals.

Self-employment income means the net earnings from self-employment derived by an individual. Sec. 1402(b). In general, net earnings from self-employment means the gross income derived by an individual from any trade or business that he or she carries on, reduced by allowable deductions attributable thereto. Sec. 1402(a). Petitioner bears the burden of showing that respondent's determination is erroneous. Rule 142(a); cf. Jones v. Commissioner, T.C. Memo. 1994-230, affd. without published opinion 68 F.3d 460 (4th Cir. 1995); O'Rourke v. Commissioner, T.C. Memo. 1993-603, affd. without published opinion 60 F.3d 834 (9th Cir. 1995).

When asked at trial about his employment status, petitioner

testified that he would venture to guess that he was an independent contractor. However, petitioner presented no evidence at trial establishing his employment status with Merkle or the amount of compensation he received from the company.

By presenting absolutely no evidence establishing that the $10,393 of unreported income is not subject to self-employment tax, petitioner has not met his burden with respect to this issue. Accordingly, we hold that petitioner is liable for self-employment tax on the $10,393 of unreported income.

3.  Section 6651(a)(1) Addition to Tax

Respondent determined an addition to tax as a result of petitioner's failure to timely file his Federal income tax return for the year at issue. Section 6651(a)(1) imposes an addition to tax for failure to file a timely tax return. The addition to tax is equal to 5 percent of the amount of the tax required to be shown on the return if the failure to file is not for more than 1 month. Sec. 6651(a)(1). An additional 5 percent is imposed for each month or fraction thereof in which the failure to file continues, to a maximum of 25 percent of the tax. Id. The addition to tax is imposed on the net amount due. Sec. 6651(b).

The addition to tax is applicable unless a taxpayer establishes that the failure to file was due to reasonable cause and not willful neglect. Sec. 6651(a). If a taxpayer exercised ordinary business care and prudence and was nonetheless unable to

file the return within the date prescribed by law, then reasonable cause exists. Sec. 301.6651-1(c)(1), Proced. & Admin. Regs. "Willful neglect" means a "conscious, intentional failure or reckless indifference." United States v. Boyle, 469 U.S. 241, 245 (1985).

Petitioner testified that he did not file his 1994 Federal income tax return "in a timely fashion" because he had "difficulty". At trial, petitioner offered two reasons for his difficulty in filing a timely return for the year at issue.

First, petitioner claimed that he moved from Maryland to Pennsylvania. Petitioner did not explain how his move had any bearing on filing his tax return 2 years late. The act of moving from one State to another is certainly not reasonable cause to file a late return.

Second, petitioner claimed that he lost his earnings form provided by Merkle. Petitioner failed to offer any basis why losing the form caused a 2-year delay in filing his return. "Unavailability of records, without more, is not reasonable cause for failing to file a timely return." Regan v. Commissioner, T.C. Memo. 1987-512.

Petitioner's 1994 Federal income tax return was due on April 17, 1995. Petitioner did not file his return until 2 years later and offered no rational explanation for his failure to file his return timely. Petitioner failed to show that he exercised

ordinary care and prudence in this case.  Accordingly, petitioner is liable for the addition to tax under section 6651(a)(1). Respondent is sustained on this issue.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered under Rule 155</u>.