**Lee E. DALY and Rosemarie H. Daly, Appellants,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**No. 79–1523.**

United States Court of Appeals, Fourth Circuit.

Argued June 1, 1981.

Decided Oct. 14, 1981.

Charles W. Schoeneman, Washington, D. C., for appellants.

James F. Miller, Tax Division, Dept. of Justice, Washington, D. C. (M. Carr Fergu-

---

son, Asst. Atty. Gen., Gilbert E. Andrews, Grant W. Wiprud, Tax Division, Dept. of Justice, Washington, D. C., on brief), for appellee.

Before WINTER, Chief Judge, and BUTZNER, RUSSELL, WIDENER, HALL, PHILLIPS, MURNAGHAN, SPROUSE, and ERVIN, Circuit Judges, sitting en banc.

SPROUSE, Circuit Judge:

Following a Notice of Deficiency, the taxpayers, Lee and Rosemarie Daly, filed a petition in the United States Tax Court contesting the disallowance of deductions for certain meal, lodging, and travel expenses in their 1975 income tax return. The Commissioner had disallowed the deduction of expenses incurred by Lee Daly in traveling from his residence in McLean, Virginia, to Philadelphia, Pennsylvania, (the center of his income-producing activities), on the basis that Philadelphia was his tax home. The Tax Court agreed that Daly's tax home was Philadelphia, finding that his decision to maintain his residence in McLean was for personal reasons and that the extra expenses incurred as a result of using McLean rather than Philadelphia as a point of departure were, therefore, not deductible. *Daly v. Commissioner*, 72 T.C. 190 (1979).

A divided panel of this court reversed, holding that, in the absence of an office or residence in Philadelphia, the concentration of Daly's income-producing activity was insufficient, by itself, to create a tax home in that geographic area, and, therefore, Daly was entitled to designate McLean as his home for tax purposes. *Daly v. Commissioner*, 631 F.2d 351 (4th Cir. 1980). Upon petition of the Commissioner, the appeal was reheard by the court sitting en banc.

Concluding that the expenses were incurred for personal, not business, reasons, and, therefore, not properly deductible under section 162(a)(2) of the Internal Revenue Code, the judgment of the Tax Court disallowing Daly's expenses in the Philadelphia area is affirmed.

Daly and his family have resided in McLean, Virginia, since 1960. His wife has been employed by the Georgetown Uniform Company in nearby Washington, D.C., since 1964. In 1965, Daly became a salesman for the Myrtle Desk Company of High Point, North Carolina, and was assigned a sales territory consisting of Delaware, New Jersey, and eastern Pennsylvania. Although McLean was outside this territory, Daly's employer did not require him to relocate or maintain an office within his territory. To avoid the loss of Mrs. Daly's job and the inconvenience of moving, the Dalys continued to reside in McLean. This arrangement continued through 1975.

Daly's employment required him to solicit orders from approximately 125 furniture dealers plus other customers located in various parts of his sales territory. During 1975, Daly made 126 trips from his residence into his territory, usually leaving McLean early Tuesday morning, staying overnight in his territory for two nights and returning to McLean late Thursday night. Daly paid all expenses on these trips and was not reimbursed by his employer. During 1975, 44 percent of Daly's trips (55 out of 126) were to Philadelphia or within the surrounding 28-mile area; 66 percent (83 of 126) were to locations within 54 miles of Philadelphia; and 80 percent (101 of 126) were to locations within 88 miles of Philadelphia. In contrast, only 6 percent (7 of 126) were to locations as near as 85 miles from McLean.

Although Daly spent a substantial amount of time in Philadelphia, his selling activities did not require a Philadelphia office. Consequently, Daly did not have any office or base of operations in Philadelphia. He prepared his sales reports and other incidental paperwork in the office he maintained at his McLean residence. During 1975, Daly performed job-related tasks in his McLean residence, usually on Mondays and Fridays, on 72 separate dates. Further, Daly's business card listed his McLean residence telephone number as his business number.

On his 1975 tax return, Daly deducted $7,151.95 for meals, lodging and travel expenses he incurred on his sales trips. On July 1, 1977, the Commissioner of Internal Revenue issued a notice of deficiency in which he disallowed $7,025.95 of the deductions on the grounds that (1) the disallowed deductions had not been substantiated; (2) the expenses were not ordinary and necessary business expenses; and (3) Philadelphia was Daly's "tax home." The Commissioner later conceded $5,073.00 in disputed deductions, but disallowed $1,952.95 representing the cost of travel from McLean to Philadelphia, and meal and lodging expenses incurred in the Philadelphia area.

In *Commissioner v. Flowers*, 326 U.S. 465, 470, 66 S.Ct. 250, 252, 90 L.Ed. 203 (1946), the Supreme Court, in interpreting the predecessor of section 162(a)(2), set out three conditions which a taxpayer must satisfy to deduct a business traveling expense:

(1) The expense must be reasonable and necessary; and

(2) The expense must be incurred while away from home; and

(3) The expense must be incurred in pursuit of business.

"Failure to satisfy any one of the three conditions destroys the traveling expense deduction." 326 U.S. at 472, 66 S.Ct. at 253.

The Tax Court held that Daly "had only personal reasons for maintaining his residence completely outside of his sales territory and that he incurred additional travel and living expenses which, in the words of *Commissioner v. Flowers, supra* at 473, 66 S.Ct. at 253, were 'as unnecessary and inappropriate to' the conduct of his employer's business as 'were his personal and living costs' in McLean." 72 T.C. at 195. We agree, and, as indicated in the dissent to the majority panel opinion, are bound to this view not only by *Flowers*, but by this court's previous decisions in *Babeaux v. Commissioner*, 601 F.2d 730 (4th Cir. 1979), *cert. denied*, 444 U.S. 993, 100 S.Ct. 526, 62 L.Ed.2d 423 (1979), 445 U.S. 943, 100 S.Ct. 1338, 63 L.Ed.2d 776 (1980), *Commissioner v. Peurifoy*, 254 F.2d 483 (4th Cir. 1951),

*aff'd per curiam*, 358 U.S. 59, 79 S.Ct. 104, 3 L.Ed.2d 30 (1958), and *Barnhill v. Commissioner*, 148 F.2d 913 (4th Cir. 1945).

*AFFIRMED.*

MURNAGHAN, Circuit Judge, concurring:

I concur, for the opinion abides by the current state of the law. Moreover, the taxpayer made no contention that his wife's legitimate employment concerns should play a role in determining where his tax home should be fixed. Perhaps it is a matter so fraught with unexpected possibilities for distortions and for the taking of unanticipated undue advantages by imaginative taxpayers that it should be dealt with comprehensively by Congress, not on a case-by-case basis by the courts.

Nevertheless, the working wife, whose status is acknowledged at least to be equal in dignity to that of the husband, is a much too belated phenomenon. Spouses frequently file tax returns jointly. Daly and his wife did so here. Especially in such cases, but even in appropriate situations involving spouses filing separately, the taxpayers should be able to approach tax issues such as the one posed here on a partnership or joint venture basis. As a consequence, there should be rules detailing appropriate circumstances in which the one spouse's situation should play a significant role in ascertaining the situs of the other spouse's tax home.

Here, husband and wife were each working in the Washington area at the time their residence was established there. The wife's employment position may well have prospered, and, for business reasons, she is as justified in staying in the Washington area as the husband would be in moving to Philadelphia to be closer to the customers of his new employer whom he now serves.

It is questionable in the extreme whether Congress ever intended to put additional strains on marriage such as the rule is likely to do which we, by precedent, are here compelled to apply. What was at least defensible where employment circumstanc-

es changed as they did for Daly, and the taxpayer's wife was staying at home and making a home rather than working outside the home, is virtually unjustifiable in the case of Daly's wife who regularly earns income from employment outside the home.

I express a hope that Congress will give early attention to the problem and afford equity to people caught in the situation of Mr. and Mrs. Daly. *See*, K. Dobbs, *Comment—Daly v. Commissioner: Effect of the Tax Home Rule under Section 162 on Two-Earner Families*, 34 Tax Lawyer 829 (1981).

K. K. HALL, Circuit Judge, dissenting:

I would reverse the Tax Court for the reasons set forth in the previous majority opinion in this case, *Daly v. Commissioner*, 631 F.2d 351 (4th Cir. 1980).

DONALD RUSSELL and WIDENER, Circuit Judges, join in this dissent.