RICARDO L. LUACES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Luaces v. Commissioner
Docket No. 12487-90
United States Tax Court
T.C. Memo 1993-78; 1993 Tax Ct. Memo LEXIS 80; 65 T.C.M. (CCH) 2010; March 9, 1993, Filed *80 Decision will be entered under Rule 155. Ricardo L. Luaces, pro se. For respondent: Leonard T. Provenzale. JACOBS
JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION JACOBS, Judge: Respondent determined deficiencies in petitioner's Federal income tax, and additions to tax, for 1985 and 1986 as follows: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6653(a)(1)
6653(a)(2)
6653(a)(1)(A)
6653(a)(1)(B)
6661
1985
$ 10,851
$ 543
[1]
$ 2,713
1986
10,502
$ 525
[1]
2,626
All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. All dollar amounts are rounded to the nearest dollar. Respondent concedes the negligence additions to tax, certain business expense deductions, and resulting adjustments to the sales tax deduction. After these concessions by respondent, the issues to be decided are: (1) Whether per diem and mileage *81 allowances paid to petitioner by his employer during 1985 and 1986, in the amounts of $ 21,364 and $ 21,115, respectively, are includable in gross income. We hold that they are; (2) whether petitioner properly deducted expenses related to a computer consulting business in the amounts of $ 9,630 and $ 7,990 for 1985 and 1986, respectively. We hold that petitioner did not; and (3) whether petitioner is liable for additions to tax attributable to substantial understatements of Federal income tax pursuant to section 6661. We hold that he is. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated by this reference. Petitioner resided in St. Thomas, Virgin Islands, at the time the petition in this case was filed. Per Diem and Mileage Reimbursement
Petitioner was an examiner for the Insurance Department of the State of Florida from 1977 to 1987. Throughout his tenure with the State of Florida, petitioner conducted audits designed to monitor the financial condition of insurance companies operating within the State. The State of Florida considered petitioner to be an "employee at large"; *82 he was assigned to audit various insurance companies in different cities, often spending months on a single assignment. The Insurance Department of the State of Florida was petitioner's sole employer during 1985 and 1986. Throughout these years, petitioner was assigned to examine insurance companies located primarily in Jacksonville, Florida. Petitioner was assigned to Jacksonville for over 10 months during 1985 and almost 11 months during 1986. Petitioner lived aboard a sailboat which was docked in Palatka, Florida. Occasionally, he spent weekends with his wife in Jacksonville. Petitioner requested assignments in Jacksonville in order to be within daily commuting distance to Palatka, which is approximately 55 miles south of Jacksonville. Each working day, petitioner drove his own automobile from his sailboat-residence in Palatka to Jacksonville. He returned to Palatka each night. Petitioner received a $ 60 per diem allowance for meals and lodging. In order to receive the per diem, petitioner was required to submit a voucher listing the location of the work site and the number of days spent at each site, but he was not required to provide substantiation. (The State of Florida *83 paid its insurance examiners the $ 60 per diem regardless of whether the examiner was "away from home".) In addition to his base salary, petitioner received: 1985
1986
Per diem allowance
$ 21,150
$ 20,730
Mileage reimbursement
214
385
Total
$ 21,364
$ 21,115
These amounts were not included on the Forms W-2 or 1099 which petitioner received from his employer, and petitioner did not report the per diem or mileage reimbursement as income. Petitioner did not introduce any evidence to substantiate his meal, lodging, or fuel expenditures incurred during 1985 and 1986. Schedule C Computer Consulting Business Expenses
On Schedule C attached to his 1985 and 1986 returns, petitioner deducted expenses for a claimed computer consulting business in the amounts of $ 9,630 and $ 7,990, respectively. Petitioner offered no evidence that such a consulting business existed in 1985 or 1986. Respondent concedes that petitioner utilized his own computer hardware and software in auditing insurance companies for the State of Florida. Although the computer hardware and software enabled petitioner to perform his job efficiently, the Florida Insurance Department did not require *84 or expect petitioner to utilize such computer equipment in the auditing of insurance companies. Further, petitioner did not seek remuneration from the State of Florida with regard to the use of his computer equipment. OPINION Per Diem and Mileage Reimbursement
Under section 61(a) gross income includes "all income from whatever source derived". Income may therefore be realized in the form of "services, meals, accommodations, stock, or other property, as well as in cash." Sec. 1.61-1(a), Income Tax Regs.
Section 162(a)(2) allows a taxpayer to deduct his "ordinary and necessary" expenses for travel "while away from home" in the pursuit of a trade or business. Commissioner v. Flowers, 326 U.S. 465, 470 (1946); Bochner v. Commissioner, 67 T.C. 824, 827 (1977). Personal, living, or family expenses, however, are generally not deductible. Section 262. A purpose of the section 162(a)(2) deduction is to mitigate the burden upon a taxpayer who, because of the exigencies of his trade or business, must maintain two places of abode and thereby incur additional or duplicate living expenses. Commissioner v. Flowers, supra; *85 Brandl v. Commissioner, 513 F.2d 697, 699 (6th Cir. 1975), affg. T.C. Memo. 1974-160; Bochner v. Commissioner, supra.The fundamental question for purposes of section 162(a)(2), therefore, is whether the taxpayer was in a traveling status and "away from home" (deduction may be allowed) or whether he moved his home to the place where he worked (deduction is not allowed). Such a determination presents a factual question for which petitioner has the burden of proof. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115-116 (1933). In the case at bar, respondent claims that Jacksonville was petitioner's tax home; thus, respondent argues the per diem paid to petitioner was for personal, nondeductible living expenses. Respondent alternatively argues that even if petitioner was "away from home", petitioner must still include in gross income the per diem reimbursement received because he did not substantiate the claimed expenses by adequate records or other sufficient evidence as required by section 274(d) and the regulations thereunder. Petitioner claims his tax *86 home was Palatka, not Jacksonville. He therefore asserts that the per diem received is not gross income since all the reimbursed expenses are deductible under section 162(a)(2). Petitioner's decision to commute from Palatka to Jacksonville was his own choice. A taxpayer generally is expected to maintain his home at or near his place of employment, unless his employment is merely temporary, and only when he is required by his business to travel away from such place are his expenses for meals and lodging deductible under section 162(a)(2). See Commissioner v. Flowers, supra at 473-474. Thus, a taxpayer's home for purposes of section 162(a)(2) ordinarily is the area or vicinity of his principal place of employment and not where his personal residence is located, if such residence is located in a different place than his principal place of employment. Commissioner v. Stidger, 386 U.S. 287, 292-293 (1967); Mitchell v. Commissioner, 74 T.C. 578, 581 (1980); Daly v. Commissioner, 72 T.C. 190, 195 (1979), affd. 662 F.2d 253 (4th Cir. 1981). *87 It is well settled that where a taxpayer accepts an employment assignment that is of "substantial" or "indefinite" duration, the area or vicinity of that assignment becomes the taxpayer's "home" within the meaning of section 162(a)(2). Commissioner v. Peurifoy, 254 F.2d 483, 486-487 (4th Cir. 1957), affd. 358 U.S. 59 (1958). Whether employment is of a "substantial" or "indefinite" duration, rather than merely "temporary", is a question of fact. Id.; Verner v. Commissioner, 39 T.C. 749, 753 (1963). Here, the record clearly indicates that petitioner's employment in Jacksonville was for a substantial duration of time. Petitioner requested to be assigned to Jacksonville. During 1985, he worked in Jacksonville for over 10 months and almost 11 months during 1986. Petitioner knew that he would be assigned to Jacksonville for a lengthy time period in 1985 and 1986. We therefore conclude that petitioner's tax home was Jacksonville during the years at issue. Since petitioner was not "away from home" within the meaning of section 162(a)(2) while on assignment in Jacksonville, respondent properly *88 included in petitioner's gross income the per diem and mileage reimbursement received by petitioner. We note that even if petitioner had established that he was "away from home" in 1985 and 1986 (which he did not), we would still find the per diem and mileage reimbursement includable in petitioner's gross income because he did not meet the substantiation requirements of section 274(d) and the regulations thereunder. Also, we are mindful that in a previous case before this Court, we found the per diem and mileage allowances paid to petitioner includable in his gross income for 1983 and 1984. Luaces v. Commissioner, T.C. Summary Opinion 1989-95. Schedule C Deductions
Deductions are strictly a matter of legislative grace; petitioner bears the burden of proving entitlement to all deductions claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). On Schedule C attached to his 1985 and 1986 returns, petitioner deducted expenses related to a computer consulting business. He justified these deductions on the grounds that he was carrying on a computer trade or business during these years. Petitioner chose to use his *89 own computer hardware and software to conduct audits while employed by the State of Florida. We therefore disagree with petitioner's assertion that his use of his own computer equipment was a trade or business for purposes of section 162. Section 162(a) provides for the deduction of all ordinary and necessary expenses attributable to the carrying on of a trade or business. For an activity to constitute "the carrying on of a trade or business", such activity must be carried on for livelihood or profit or there must be a profit motive and some kind of economic activity. Hirsch v. Commissioner, 315 F.2d 731, 736 (9th Cir. 1963), affg. T.C. Memo. 1961-256; St. Joseph Farms of Indiana v. Commissioner, 85 T.C. 9, 20-21 (1985). Section 183(a) generally disallows losses attributable to activities not engaged in for profit. In determining whether an activity is one engaged in for profit, the Court must determine whether the taxpayer engaged in the activity with an actual and honest objective of making a profit. Dreicer v. Commissioner, 78 T.C. 642, 644-645 (1982), *90 affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983). The question of whether the requisite profit motive exists in any given case is one of fact that is resolved in light of all the facts and circumstances. St. Joseph Farms of Indiana v. Commissioner, supra.
In the instant case, petitioner concedes that he did not seek remuneration for the use of his computer equipment during 1985 and 1986. Petitioner was not required or expected to utilize such computer equipment in the course of his employment by the State of Florida. In addition, he failed to establish the extent to which the claimed computer expenses resulted from employment related projects, as opposed to his personal use. Accordingly, we sustain respondent's disallowance of these deductions. Substantial Underpayments of Income Tax
Respondent determined additions to tax under section 6661 for a substantial understatement of Federal income tax each year. A substantial understatement is defined as an amount that exceeds the greater of 10 percent of the tax required to be shown on the return or $ 5,000. Sec. 6661(b)(1)(A). The understatement is reduced *91 if it is based on substantial authority or is adequately disclosed on the return or in a statement attached to the return. Sec. 6661(b)(2)(B). Petitioner has the burden of proving that the section 6661 addition to tax, as determined by respondent, is erroneous. Rule 142(a). In the case at bar, there were substantial understatements of Federal income tax for taxable years 1985 and 1986. Petitioner has not established that the understatement should have been reduced. First, there is no substantial authority under section 6661(b)(2)(B)(i) for petitioner's failure to include in gross income the per diem and mileage reimbursement received in 1985 and 1986. In addition, petitioner's deduction of computer business expenses is not supported by substantial authority under section 6661(b)(2)(B)(i). Second, petitioner did not make adequate disclosure within the meaning of section 6661(b)(2)(B)(ii). The additions to tax for substantial understatements of Federal income tax asserted by respondent are sustained. To reflect concessions by respondent, Decision will be entered under Rule 155. Footnotes
1. 50 percent of the interest due on the deficiency.↩