T.C. Summary Opinion 2006-69


UNITED STATES TAX COURT


GREGORY S. ROBINETTE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16875-04S.          Filed April 26, 2006.


Gregory S. Robinette, pro se.

William J. Gregg, for respondent.


GOLDBERG, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax of $4,964 for the taxable year 2002.

The issues for decision are: (1) Whether petitioner is entitled to a charitable contribution deduction in 2002; and (2) whether petitioner is entitled to miscellaneous itemized deductions for the 2002 taxable year.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Fort Ashby, West Virginia, on the date the petition was filed in this case.

During the year in issue, petitioner was employed by Sprint as an installation technician. Petitioner began working for Sprint early in 2001. From that time through the year in issue petitioner worked out of Sprint's office in Pennausken, New Jersey. Also during this time, petitioner maintained his residence in Cumberland, Maryland, because of its proximity to his friends' and to his family's residences. Petitioner, when working, traveled approximately 480 miles round trip from Cumberland to Pennausken. Additionally, while working at Sprint during 2001 and 2002, petitioner's "territory" was Pennsylvania, New Jersey, and New York. Petitioner would travel to different job locations within these States during his employment with

Sprint. Sprint considered Pennausken, New Jersey, petitioner's home office, and, therefore, only reimbursed petitioner for all employment-related travel expenses incurred while away from Pennausken.

Petitioner electronically filed his Federal income tax return for 2002 in a timely manner on December 10, 2003. Petitioner attached to his 2002 Federal income tax return a Schedule A. On his 2002 Schedule A, petitioner claimed as follows, in pertinent part:

| Itemized Deductions | | Amount |
|---|---|---|
| Line 5 | State and local income taxes | $1,860 |
| Line 9 | Total taxes | 1,860 |
| Line 15 | Gifts to charity by cash or check | 2,600 |
| Line 16 | Other than by cash or check | 460 |
| Line 18 | Total contributions to charity | 3,060 |
| Line 20 | Unreimbursed employee business exp. | 27,689 |
| Line 23 | Total limited misc. expenses | 27,689 |
| Line 26 | Net limited misc. deduction | 26,489 |
| Line 28 | Total itemized deductions | 31,409 |

In the notice of deficiency, respondent denied petitioner the claimed charitable contribution deduction and the claimed miscellaneous itemized deductions. Because the remaining itemized deductions were less than the standard deduction for taxable year 2002, respondent calculated petitioner's deficiency using the 2002 standard deduction of $4,700.

## Discussion

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct. Welch v. Helvering,

290 U.S. 111, 115 (1933). In pertinent part, Rule 142(a)(1) provides the general rule that "The burden of proof shall be upon the petitioner". In certain circumstances, however, if the taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the proper tax liability, section 7491 places the burden of proof on the Commissioner. Sec. 7491(a)(1); Rule 142(a)(2). Credible evidence is "'the quality of evidence which, after critical analysis, * * * [a] court would find sufficient * * * to base a decision on the issue if no contrary evidence were submitted'".[1] Baker v. Commissioner, 122 T.C. 143, 168 (2004) (quoting Higbee v. Commissioner, 116 T.C. 438, 442 (2001)). Section 7491(a)(1) applies only if the taxpayer complies with substantiation requirements, maintains all required records, and cooperates with reasonable requests by the Commissioner for witnesses, information, documents, meetings, and interviews. Sec. 7491(a)(2). Although neither party alleges the applicability of section 7491(a), we conclude that the burden of proof has not shifted to respondent with respect to any of the issues in the present case.

Moreover, deductions are a matter of legislative grace and are allowed only as specifically provided by statute. INDOPCO,

---

[1]We interpret the quoted language as requiring the taxpayer's evidence pertaining to any factual issue to be evidence the Court would find sufficient upon which to base a decision on the issue in favor of the taxpayer. See Bernardo v. Commissioner, T.C. Memo. 2004-199.

Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Section 6001 and the regulations promulgated thereunder require taxpayers to maintain records sufficient to permit verification of income and expenses. As a general rule, if the trial record provides sufficient evidence that the taxpayer has incurred a deductible expense, but the taxpayer is unable to adequately substantiate the precise amount of the deduction to which he or she is otherwise entitled, the Court may estimate the amount of the deductible expense, bearing heavily against the taxpayer whose inexactitude in substantiating the amount of the expense is of his own making, and allow the deduction to that extent. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). However, in order for the Court to estimate the amount of an expense, the Court must have some basis upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). Without such a basis, any allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560-561 (5th Cir. 1957). With these well-established propositions in mind, we must determine whether petitioner has satisfied his burden of proving that he is entitled to the claimed deductions mentioned above.

1.  <u>Gifts to Charity</u>

As previously stated, on petitioner's Schedule A filed with his Federal income tax return for taxable year 2002, he reported the following gifts to charity:

| Itemized Deductions | Amount |
| --- | --- |
| Gifts by cash or check | $2,600 |
| Gifts other than by cash or check | 460 |
| Total gifts | $3,060 |

Respondent determined that petitioner did not adequately substantiate that any of the claimed gifts to charity were made. Accordingly, respondent disallowed the total amount of petitioner's claimed gifts to charity.

Deductions for charitable contributions are allowable only if verified under regulations prescribed by the Secretary. Sec. 170(a). Section 1.170A-13, Income Tax Regs., in turn, sets forth the types of substantiation necessary to support deductions for charitable contributions.

The applicable regulations require a taxpayer to maintain for each contribution of money a canceled check, a receipt from the donee organization showing the date and amount of the contribution, or other reliable written records showing the name of the donee and the date and amount of the contribution. See sec. 1.170A-13(a)(1), Income Tax Regs. For charitable contributions of property other than money, taxpayers generally must maintain for each contribution a receipt from the donee

showing the following information: (1) The name of the donee; (2) the date and location of the contribution; and (3) a description of the property in detail reasonably sufficient under the circumstances. Sec. 1.170A-13(b)(1), Income Tax Regs. The amount of the contribution is the fair market value of the property at the time of the contribution. Sec. 1.170A-1(c)(1), Income Tax Regs.

Petitioner has not maintained any of the records required to substantiate his claimed charitable contributions. Petitioner testified, at trial, that during 2002 he made weekly cash contributions of between $40 and $50 at the Sunday services of the Methodist Church in Shortgap, West Virginia. Petitioner further testified that he contributed clothing to the Salvation Army during the year in issue. Petitioner has not offered into evidence any documentary substantiation in support of his claimed charitable contributions.

On the basis of the record, we find petitioner's testimony credible as to the portion of charitable gifts made to the Methodist Church. Although petitioner has no records, we conclude that petitioner is entitled to a deduction for cash charitable gifts for the taxable year 2002 of $1,000. However, he is not entitled to a deduction for gifts other than by check or cash.

## 2.  Miscellaneous Itemized Deductions

On his 2002 Schedule A, petitioner deducted unreimbursed employee business expenses of $27,689.  Respondent determined that petitioner did not adequately substantiate any of the claimed unreimbursed employee business expenses.  In the alternative, respondent argued that if petitioner did substantiate the unreimbursed employee business expenses, petitioner is not entitled to deduct such expenses pursuant to section 162(a)(2) because the expenses were not incurred away from home.

Before we determine whether petitioner has substantiated his claimed unreimbursed employee business expenses, we first decide whether petitioner incurred these expenses away from home.

A taxpayer generally may not deduct personal, living, and family expenses.  Sec. 262(a).  However, section 162(a) allows a taxpayer to deduct all ordinary and necessary business expenses paid or incurred during the taxable year in carrying on any trade or business.  To be "necessary" an expense must be "appropriate and helpful" to the taxpayer's business.  Welch v. Helvering, 290 U.S. at 113-114.  To be "ordinary" the transaction which gives rise to the expense must be of a common or frequent occurrence in the type of business involved.  Deputy v. Du Pont, 308 U.S. 488, 495 (1940).

The performance of services as an employee constitutes a trade or business. See sec. 1.162-17(a), Income Tax Regs. The employee must show the relationship between the expenditures and the employment. See Evans v. Commissioner, T.C. Memo. 1974-267, affd. in part, revd. in part 557 F.2d 1095 (5th Cir. 1977). The taxpayer bears the burden of substantiation. Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

Further, section 162(a)(2) generally permits a deduction for traveling expenses incurred while away from home in the pursuit of a trade or business. Bochner v. Commissioner, 67 T.C. 824, 827 (1977).

This Court has generally defined the word "home" as used in section 162(a)(2) to refer to the vicinity of a taxpayer's principal place of employment and not to the place where the taxpayer's personal residence is located, if that personal residence is different from the principal place of employment. Daly v. Commissioner, 72 T.C. 190, 195 (1979), affd. 662 F.2d 253 (4th Cir. 1981); Kroll v. Commissioner, 49 T.C. 557, 561-562 (1968). An exception is made if the taxpayer's place of employment in another area is temporary as opposed to indefinite; in that case the taxpayer's personal residence may be his tax home. Peurifoy v. Commissioner, 358 U.S. 59, 60 (1958); Mitchell v. Commissioner, T.C. Memo. 1999-283. Additionally, if a

taxpayer does not have a principal place of employment, his permanent residence is his tax home for purposes of section 162(a)(2).  Johnson v. Commissioner, 115 T.C. 210, 221 (2000).

A place of business is temporary if the employment is such that termination within a short period could be foreseen. Mitchell v. Commissioner, 74 T.C. 578, 581 (1980); see Michaels v. Commissioner, 53 T.C. 269 (1969).  Conversely, employment is indefinite if termination could not be foreseen within a "reasonably short period".  Stricker v. Commissioner, 54 T.C. 355, 361 (1970), affd. 438 F.2d 1216 (6th Cir. 1971).  Whether employment is temporary or indefinite is a question of fact. Peurifoy v. Commissioner, supra at 60-61.

In the present case, petitioner's expenses were incurred in traveling from Cumberland, Maryland, to Pennausken, New Jersey, and in staying overnight in Pennausken.  Petitioner began working out of Sprint's Pennausken office in 2001.  Sprint considered Pennausken petitioner's home office and only reimbursed petitioner for expenses while away from Pennausken.  Petitioner testified that his choice to live in Cumberland, Maryland, and to make the approximate 480 mile round trip to Pennausken was a personal choice.

It is clear from the record that Pennausken, New Jersey, was not a temporary place of business for petitioner.  Therefore, we conclude that Pennausken, New Jersey, was petitioner's "tax home"

for taxable year 2002.  Because petitioner was not away from home when he incurred his claimed unreimbursed employee business expenses, he is unable to deduct these expenses under section 162(a)(2).  Therefore, we need not and do not decide whether petitioner has substantiated his claimed miscellaneous itemized deductions.  Accordingly, respondent's determination on this issue is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.[2]

---

[2]Because the remaining itemized deductions were less than the standard deduction for 2002, respondent's calculation of petitioner's deficiency using the 2002 standard deduction is correct.