T.C. Summary Opinion 2008-11


UNITED STATES TAX COURT


ESTATE OF DAVID B. LEASE, DECEASED, KATHY A. LEASE,
ADMINISTRATRIX, AND KATHY A. LEASE, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5455-05S.            Filed January 30, 2008.


Kathy A. Lease, pro se.

Andrew M. Stroot, for respondent.


GERBER, Judge:[1]  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect

_____

[1] This case was submitted to Special Trial Judge Carleton D.
Powell, who died on Aug. 23, 2007, after the trial.  By order
dated Oct. 25, 2007, Chief Judge Colvin resubmitted this case to
Judge Joel Gerber without objection of the parties.

when the petition was filed.[2]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Respondent determined a $2,403 income tax deficiency for the 2002 tax year of David B. and Kathy A. Lease.  The deficiency was predicated on the disallowance of several deductions, and after concessions the issues we must decide are whether Mr. Lease's expenses of driving to and from his work locations are deductible and/or whether his meal expenses are deductible.

## Background

Some of the facts have been stipulated and are incorporated by this reference.  At the time the petition was filed Mr. and Mrs. Lease resided in West Virginia.  Mr. Lease, now deceased, was employed as a millwright during 2002.  His jobs were assigned at his local union hiring hall in Cumberland, Maryland.  Every week Mr. Lease would go to the union hall and sign up for work in the "workbook".  The union representative would call when a job was available, and Mr. Lease would then proceed from his locality to his work.  Many jobs were within a 50-mile radius, but during 2002 local jobs were scarce, and his work assignments expanded to

_____

[2] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for 2002, the taxable year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

as far as a 250-mile radius. Some of those assignments were from the Pittsburgh, Pennsylvania, union hall.

As a millwright, Mr. Lease would work on various jobs. A typical job involved maintenance, making of parts, and rebuilding of a motor, sometimes at an electric power generating plant. Once he completed the rebuilding of a motor or completed a job, he was laid off and awaited an assignment from the union. Usually, he did not work again for the same employer. He would generally not spend the night at a work location but would return home. Mr. Lease worked long days, leaving as early as 3:30 or 4 a.m. and returning home at 7 or 8 p.m. Mr. Lease was required to bring tools to his work assignments. His tools consisted of "standard tools", "metric tools", and "precision tools". The three sets of tools were kept in tool boxes that Mr. Lease transported to the jobsite in his truck.

During 2002 Mr. Lease regularly drove to worksites beyond the area of his home and union hall. He received nine Forms W-2, Wage and Tax Statement, for 2002 from different employers. Mr. Lease drove an average of 900 miles per month to and from work assignments; he worked 112 days and drove an average of almost 100 miles per workday.

For 2002, Mr. and Mrs. Lease deducted $3,934 in business travel expenses using the standard mileage rate of 36.5 cents per mile. They also deducted $5,503 for away from home expenses

which were largely for meals.  In the notice of deficiency, respondent disallowed both deductions.

## Discussion[3]

Mr. and Mrs. Lease deducted the expense of Mr. Lease's trips between his residence and various worksites, contending that the employment was temporary.  Respondent contends that Mr. Lease's work outside of the area of his residence was a permanent situation and that he made the personal (nonbusiness) choice to drive to and from work rather than to move.  In effect, respondent's argument is that Mr. Lease's tax home was where he normally worked and that his trips constituted commuting.

Section 162 allows a deduction for ordinary and necessary expenses paid or incurred in carrying on a trade or business. Conversely, section 262 provides that no deduction is allowed for personal, living, or family expenses.  Generally, the cost of commuting to and from work is a nondeductible personal expense. Commissioner v. Flowers, 326 U.S. 465, 473-474 (1946); sec. 1.162-2(e), Income Tax Regs.

Traveling expenses include meals and lodging while away from home.  Sec. 162(a)(2).  To deduct such expenses a taxpayer must show:  (1) The expenses are reasonable and necessary; (2) they were incurred while away from home; and (3) they were incurred in

---

[3] No questions were raised concerning the burden of proof.

the pursuit of a trade or business, including meals while away from home. Commissioner v. Flowers, supra at 470.

A taxpayer's "home", as used in section 162(a)(2), has been defined to mean the vicinity of the taxpayer's principal place of employment rather than the location of his personal or family residence. Mitchell v. Commissioner, 74 T.C. 578, 581 (1980); Daly v. Commissioner, 72 T.C. 190 (1979), affd. 662 F.2d 253 (4th Cir. 1981).

Where a taxpayer's principal place of employment is other than his residence and he chooses not to move his residence for personal reasons, the additional living or travel expenses are not considered to be ordinary and necessary business expenses. Tucker v. Commissioner, 55 T.C. 783 (1971). Where, however, a taxpayer is away from home on a temporary basis, his living or travel expenses may be considered deductible business expenses. Peurifoy v. Commissioner, 358 U.S. 59, 60 (1958). Employment has been defined as "temporary" if it is forseeably terminable or lasts for a relatively short fixed duration. Boone v. United States, 482 F.2d 417, 419 (5th Cir. 1973). Whether a taxpayer's job is temporary or indefinite is determined by the facts and circumstances of each case. Peurifoy v. Commissioner, supra at 61.

To be deductible, traveling expenses must be substantiated by adequate records or sufficient corroborating evidence. Sec. 274(d).

Before 2002, Mr. Lease regularly worked out of the Cumberland, Maryland, union hall and was assigned jobs that were within 50 miles of his residence. For 2002, there were fewer jobs available from the Cumberland, Maryland, union hall and he was forced to accept jobs outside of his principal place of employment, some from a distant union hall that he had not previously used. Each of the jobs outside of his principal place of employment was of short duration.

Considering the record as a whole, we hold that Mr. Lease's 2002 travel was outside of his usual and principal place of employment and was both temporary and forseeably terminable. Mr. Lease's travel log was stipulated by the parties and meets the substantiation requirements of section 274(d). Mr. Lease's costs for daily transportation outside of his metropolitan area where he normally worked are deductible within the meaning of Rev. Rul. 99-7, 1999-1 C.B. 361. Accordingly, petitioners are entitled to deduct travel expenses of $3,934 for 2002.

Although it is likely that Mr. Lease incurred meal expenses during 2002, no substantiation or sufficient corroborating evidence was offered that would meet the substantiation requirements of section 274(d). Moreover, Mr. Lease normally

returned home each day, and the record is insufficient to show the occasions that he was away from home overnight.  See, e.g., Bissonnette v. Commissioner, 127 T.C. 124 (2006).  Mrs. Lease testified that there were no receipts and that the meals were likely paid for in cash.  Accordingly, we must hold that petitioners are not entitled to the $5,503 meal expense deductions claimed for tax year 2002.

To reflect the foregoing,

Decision will be entered

under Rule 155.