T.C. Summary Opinion 2008-96

UNITED STATES TAX COURT

PHILIPPE ANTOINE BRUNET, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8373-07S.                    Filed August 5, 2008.

<u>Arthur R. Kerr II</u>, for petitioner.

<u>Erika B. Cormier</u>, for respondent.

KROUPA, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
at the time the petition was filed.  Pursuant to section 7463(b),
the decision to be entered is not reviewable by any other court,
and this opinion shall not be treated as precedent for any other
case.

Petitioner, an American Airlines pilot, excluded purported foreign earned income under section 911[1] during 2002, 2003, and 2004, the years at issue. Respondent disallowed the foreign earned income exclusion and determined a $15,863 deficiency in Federal income tax against petitioner for 2002, a $10,074 deficiency for 2003, and a $24,912 deficiency for 2004. The sole issue for decision is whether petitioner may exclude purported foreign earned income for the years at issue. We hold that petitioner does not qualify for the exclusion because his tax home was in the United States.

## Background

This case was submitted fully stipulated pursuant to Rule 122, and the facts are so found. The stipulation of facts, the supplemental stipulation of facts, and the accompanying exhibits are incorporated by this reference.

Petitioner began working for American Airlines in 1989, over a decade before the years at issue. American Airlines trained petitioner as a pilot at the American Airlines Flight Academy in Dallas-Fort Worth, Texas. American Airlines assigned petitioner to base airports in the United States during the years at issue. Petitioner was based at LaGuardia Airport in Queens, New York, in

---

[1]All section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

January 2002.  Petitioner was based at Miami International Airport in Miami, Florida, and nearly all of petitioner's flight sequences began and ended there between February 1, 2002, and August 30, 2003.  Petitioner was based at LaGuardia Airport in Queens, New York, and all his flight sequences began or ended at LaGuardia or John F. Kennedy International Airport in Queens, New York, between August 31, 2003, and December 31, 2004.  When petitioner's flight schedule prevented him from returning to his base airport, American Airlines paid petitioner Time Away From Base compensation.

Petitioner is a naturalized United States citizen. Petitioner maintained a residence in St. Martin, French West Indies, from at least June 1999 to July 2003, and he has maintained a residence in Pau, France, since August 2003. Petitioner resided in Pau, France, at the time he filed the petition.

Petitioner claimed foreign earned income exclusions of $88,040[2] in 2002, $80,000 in 2003 and $80,000 in 2004. Petitioner claimed he resided in the French West Indies on the return for 2002 and in France on the returns for 2003 and 2004. Respondent determined that petitioner was not entitled to a foreign earned income exclusion for any of the years at issue and

_____

[2] Petitioner claimed an $8,040 housing exclusion plus the $80,000 maximum foreign earned income exclusion.

issued a deficiency notice to petitioner.  Petitioner timely filed a petition.

## Discussion

We are asked to decide whether petitioner, an airline pilot, is entitled to the foreign earned income exclusion when he was based at airports within the United States but claims to have resided outside of the United States.  United States citizens are required to include all wage income in taxable gross income, unless a specific income exclusion applies.  Sec. 61(a); Clark v. Commissioner, T.C. Memo. 2008-71.  There is a specific income exclusion for qualified individuals[3] whose tax homes are in a foreign country.  Sec. 911(d)(1).

A taxpayer's tax home is generally the vicinity of his or her employment, rather than the location of the taxpayer's personal residence.  Mitchell v. Commissioner, 74 T.C. 578, 581 (1980); Daly v. Commissioner, 72 T.C. 190, 195 (1979), affd. 662 F.2d 253 (4th Cir. 1981); sec. 1.911-2(b), Income Tax Regs.; Rev. Rul. 75-432, 1975-2 C.B. 60.  The place of employment for an airplane pilot has been interpreted as the employee's base airport.  Stright v. Commissioner, T.C. Memo. 1993-576; Dougherty

---

[3] To be a qualified individual, the taxpayer must prove either (1) bona fide residency in the foreign country for an uninterrupted period which included an entire taxable year or (2) foreign presence for 330 days.  Sec. 1.911-2(a), Income Tax Regs. Petitioner bears the burden of proof that he is a qualified individual entitled to the foreign earned income exclusion.  See Rule 142(a); Nelson v. Commissioner, 30 T.C. 1151, 1154 (1958); Cobb v. Commissioner, T.C. Memo. 1991-376.

v. Commissioner, T.C. Memo. 1991-442; Cobb v. Commissioner, T.C. Memo. 1991-376; Swicegood v. Commissioner, T.C. Memo. 1989-467.

Petitioner was based solely in the United States over the course of his employment with American Airlines. Except for minor deviations, petitioner's flights began and ended at what American Airlines deemed his base airport. Petitioner's base airports were LaGuardia in January 2002, Miami International Airport from February 1, 2002, through August 30, 2003, and LaGuardia Airport from August 31, 2003, through December 31, 2004. We find it significant that American Airlines paid petitioner Time Away From Base compensation when he traveled away from his base airport. Petitioner's employment connections with those two base airports suggest that his tax homes for all the years at issue were in the United States.

Because petitioner's place of employment was in the United States during the years at issue, his tax home was in the United States. Accordingly, he is not a qualified individual for purposes of the foreign earned income exclusion.

Petitioner argues nevertheless that because he is a bona fide resident of France, he qualifies for the earned income exclusion. We disagree. Petitioner is not eligible for the exclusion because he fails the tax home requirement. See Stright v. Commissioner, supra; Dougherty v. Commissioner, supra.

We need not determine whether the source of petitioner's income was "foreign" or whether petitioner was a bona fide resident of the French West Indies or France because petitioner's tax home was in the United States during all years in dispute, and he was therefore not a qualified individual within the definition of section 911(d).  Accordingly, we hold that petitioner is ineligible for the foreign earned income exclusion.

<u>Decision will be entered</u>

<u>for respondent</u>.