T.C. Memo. 2013-105

UNITED STATES TAX COURT

JUDE O. UGWUALA AND ESTHER N. UGWUALA, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5405-11.                                   Filed April 15, 2013.

Wilfred I. Aka, for petitioners.

Blake W. Ferguson and Heather K. McCluskey, for respondent.

MEMORANDUM FINDINGS OF FACTS AND OPINION

KROUPA, Judge:  Respondent determined deficiencies in petitioners'

Federal income tax of $24,568 and $17,531 for 2008 and 2009, respectively (years

at issue).  After concessions,[1] we are asked to decide two issues.  The first issue is

_____

[1]Respondent concedes that petitioners substantiated $19,064 and $5,519 of

(continued...)

[*2] whether petitioners are entitled to deduct certain medical and dental, unreimbursed employee and rental real estate expenses. We hold that they are not. We must also decide whether petitioners are liable for an accuracy-related penalty under section 6662(a) for the years at issue.[2] We hold that they are.

## FINDINGS OF FACT

The parties have stipulated some facts. We incorporate the stipulation of facts and the accompanying exhibits by this reference. Petitioners resided in California when they filed the petition.

Petitioners are a married couple with four children. Petitioner wife has been a registered nurse since 2000 and was licensed by the State of Georgia. Petitioner husband holds a master of business administration degree. He operated a towing service as a sole proprietor in Georgia before the years at issue.

Petitioner wife held a series of nursing jobs in the Los Angeles, California, metropolitan area (Los Angeles) beginning in 2006 and during the years at issue. She obtained a nursing license from the State of California in 2006. She did not

---

[1](...continued)
rental real estate expenses for the years at issue. Respondent concedes petitioners substantiated $5,151 of medical and dental expenses for 2009.

[2]All section references are to the Internal Revenue Code (Code) for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

[*3] work as a nurse outside Los Angeles during the years at issue. And she allowed her Georgia license to expire in 2009.

Petitioner husband attended American Career College in Los Angeles during the years at issue.

Petitioners owned three real properties in Georgia: 1370 Crestridge Lane (Crestridge), 1557 Pintail Court (Pintail) and 1502 Rock Cut Road (Rock Cut) (collectively, Georgia properties). Petitioners listed Crestridge as their home address on their 2006 joint Federal income tax return. Petitioners listed on their 2007 joint Federal income tax return a Los Angeles address as their home. Petitioners resided at two addresses in Los Angeles during the years at issue.

A return preparer completed, and petitioners timely filed, Forms 1040, U.S. Individual Income Tax Return, for the years at issue. Petitioners listed a Hawthorne, California, address as their home and the Georgia properties as rental properties on the 2008 return. Petitioners listed a Culver City, California, address as their home and claimed Crestridge and Rock Cut as rental properties on the 2009 return.

Petitioners claimed medical and dental expenses of $14,370 and $7,153, unreimbursed employee expenses of $17,238 and $15,852 and rental real estate expenses of $50,004 and $39,829 for the years at issue, respectively. Petitioners

**[*4]** reported rental real estate income of $24,250 and $16,400 for the years at issue, respectively. Respondent issued petitioners the deficiency notice disallowing the claimed deductions and determining accuracy-related penalties. Petitioners timely filed a petition.

Wilfred I. Aka represented petitioners in this matter. Mr. Aka ignored respondent's request to conduct a Branerton conference. See Branerton Corp. v. Commissioner, 61 T.C. 691 (1974). Respondent filed motions to compel production of documents and responses to interrogatories. Again Mr. Aka failed to respond on petitioners' behalf. We then granted respondent's motion to impose sanctions under Rule 104(c). Petitioners moved for us to reconsider the sanctions. Mr. Aka indicated he was abroad and had not taken appropriate steps to act on behalf of his clients. We granted the motion. We then held a trial in Los Angeles.

OPINION

This is primarily a substantiation case in which we must decide whether petitioners are entitled to the claimed deductions. We also need to decide whether petitioners are liable for the accuracy-related penalty.

We note that petitioners' counsel has delayed and impeded this matter by being generally unresponsive and unprofessional. Petitioners' counsel has consistently ignored our Rules. This caused respondent to file, and the Court to

**[\*5]** decide, motions that should have been unnecessary. We determined that petitioners' counsel had failed to respond on their behalf and vacated sanctions imposed against them.[3]

Petitioners' counsel, nonetheless, continued his pattern of behavior by failing to provide a post-trial brief. This inaction is independent grounds to hold petitioners in default or decide against them where they have the burden of proof. See Rule 123; Stringer v. Commissioner, 84 T.C. 693, 704-708 (1985), aff'd without published opinion, 789 F.2d 917 (4th Cir. 1986). We will not impose either sanction against petitioners for Mr. Aka's inaction. Rather, we will decide this case based on the record before us. We now turn to the issues in this case.

I. Allocation of the Burden of Proof

We begin with the burden of proof. The Commissioner's determinations in a deficiency notice are presumed correct, and the taxpayer bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are generally a matter of legislative grace, and the taxpayer bears the burden of proving he or she is entitled to claimed deductions. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292

---

[3]This is not the first time that Mr. Aka has violated our Rules. See Akanno v. Commissioner, T.C. Summary Opinion 2009-168.

[*6] U.S. 435, 440 (1934). This includes the burden of substantiation. Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976). A taxpayer must substantiate amounts claimed as deductions by maintaining the records necessary to establish that he or she is entitled to the deductions. Sec. 6001; Hradesky v. Commissioner, 65 T.C. at 90. The Court need not accept a taxpayer's self-serving testimony when the taxpayer fails to present corroborative evidence. Beam v. Commissioner, T.C. Memo. 1990-304 (citing Tokarski v. Commissioner, 87 T.C. 74, 77 (1986)), aff'd without published opinion, 956 F.2d 1166 (9th Cir. 1992).

The burden may shift to the Commissioner if the taxpayer proves that he or she has satisfied certain conditions. Sec. 7491(a); Snyder v. Commissioner, T.C. Memo. 2001-255. Petitioners have not complied with the substantiation requirements of section 7491(a). See Higbee v. Commissioner, 116 T.C. 438 (2001). Nor have petitioners cooperated with respondent's reasonable requests for documents and information. See sec. 7491(a)(2)(B). The burden of proof therefore remains with petitioners. See Rule 142(a).

## II. Claimed Deductions for Expenses

Respondent disallowed petitioners' deductions for medical and dental, unreimbursed employee and rental real estate expenses. We address each in turn.

**[\*7]**  A.  <u>Medical and Dental Expenses</u>

We now consider the medical and dental expense deductions petitioners claimed.  An individual taxpayer may deduct expenses paid during the tax year for medical care of the taxpayer, the taxpayer's spouse or the taxpayer's dependent to the extent the expenses exceed 7.5% of adjusted gross income.  Sec. 213(a).  A taxpayer must provide the name and address of each person to whom payment for medical expenses was made and the amount and date of the payment.  Sec. 1.213-1(h), Income Tax Regs.

Petitioners claimed a $14,370 medical and dental expense deduction for 2008.  Respondent emphasizes that petitioners provided documentation purportedly substantiating only $4,897 of medical expenses for 2008.[4]  Respondent contends that this amount does not exceed 7.5% of adjusted gross income on petitioners' 2008 return or the deficiency notice.  We agree.  Petitioners are not entitled to a deduction for medical and dental expenses for 2008.

Petitioners claimed a deduction for medical and dental expenses of $7,153 for 2009.  Respondent concedes that petitioners are entitled to deduct $5,151 of those medical and dental expenses.  Respondent also acknowledges that amount

_____

[4]Respondent does not concede, nor do we find, that petitioners have substantiated that amount.  That issue is moot because the adjusted gross income threshold is not met.

[*8] satisfies the minimum adjusted gross income requirement.  Respondent disputes, however, that petitioners substantiated the remainder.  We agree.

Petitioners' documents do not establish that they incurred and paid medical expenses.  Petitioners failed to provide corroborative information regarding the purported expenses.  We hold that petitioners have not met their burden.  They therefore are not entitled to a deduction for medical and dental expenses exceeding respondent's concession.

### B.  Unreimbursed Employee Expenses

We now address petitioners' unreimbursed employee expense deductions, including travel, uniforms and employment search expenses.

First, petitioners contend that petitioner wife's employment in Los Angeles was temporary and their tax home remained in Georgia during the years at issue.[5] Respondent argues that petitioners failed to establish that their tax home was not in Los Angeles during the years at issue.  We agree.

A taxpayer may deduct reasonable and necessary travel expenses such as vehicle expenses, meals, and lodging incurred while away from home in the

---

[5]We note again that petitioners did not file a post-trial brief.  We understand from their pretrial memorandum that petitioners argue that their tax home was in Georgia during the years at issue.  Petitioners contend that they could deduct any expenses incurred traveling between Los Angeles and Georgia and any expenses incurred while in Los Angeles.

**[\*9]** pursuit of a trade or business. Secs. 162(a), 262(a); Wilbert v. Commissioner, T.C. Memo. 2007-152, aff'd, 553 F.3d 544 (7th Cir. 2009). A taxpayer must show that he or she was away from home when he or she incurred the expense, that the expense is reasonable and necessary, and that the expense was incurred in pursuit of a trade or business. Commissioner v. Flowers, 326 U.S. 465, 470 (1946). The determination of whether the taxpayer has satisfied these requirements is a question of fact. Id.

The purpose of the deduction for expenses incurred away from home is to alleviate the burden on the taxpayer whose business needs require him or her to maintain two homes and therefore incur duplicate living expenses. Kroll v. Commissioner, 49 T.C. 557, 562 (1968). The duplicate costs are not deductible where the taxpayer maintains two homes for personal reasons. Sec. 262; Farran v. Commissioner, T.C. Memo. 2007-151.

A taxpayer may deduct the expenses he or she incurred while away from home. Sec. 162(a)(2). The word "home" for purposes of section 162(a)(2) refers to the area of a taxpayer's principal place of employment, not the taxpayer's personal residence. Daly v. Commissioner, 72 T.C. 190, 195 (1979), aff'd, 662 F.2d 253 (4th Cir. 1981). The taxpayer's tax home may be the taxpayer's personal residence if the taxpayer's employment away from home is temporary. Peurifoy v.

**[*10]** <u>Commissioner,</u> 358 U.S. 59, 60 (1958). On the other hand, the exception does not apply and the taxpayer's tax home remains the principal place of employment if the employment away from home is indefinite. <u>Kroll v. Commissioner</u>, 49 T.C. at 562; <u>Wilbert v. Commissioner</u>, T.C. Memo. 2007-152.

Petitioners' tax home was in Los Angeles for the years at issue. The record does not support petitioners' contention that their tax home was in Georgia for the years at issue. Petitioners provided Los Angeles addresses as their home addresses on their joint returns for 2007 and for the years at issue. The record also reflects that petitioner wife's principal place of employment was in Los Angeles during the years at issue. She became licensed in California in 2006 and allowed her Georgia license to lapse in 2009. Petitioner wife did not substantiate the assertions that she was employed in Los Angeles temporarily. Rather, we find that she was indefinitely employed in Los Angeles beginning in 2006 and continuing through the years at issue. Petitioner husband attended college in Los Angeles during the years at issue. Petitioners failed to demonstrate that respondent incorrectly determined petitioners' tax home was in Los Angeles for the years at issue. Thus, they are not entitled to deduct any unreimbursed employee expenses associated with working in, or travel to and from, Los Angeles.

**[*11]** Petitioners also claimed deductions of $1,700 and $1,370 for uniforms for the years at issue. A taxpayer may deduct expenses for nurse uniforms. See, e.g., Murphy v. Commissioner, T.C. Memo. 1986-491. A taxpayer must demonstrate that the uniforms were specifically required as a condition of employment and could not be worn as regular clothing. Pace v. Commissioner, T.C. Memo. 2010-272; Hill v. Commissioner, T.C. Memo. 1982-143; Rev. Rul. 70-474, 1970-2 C.B. 34.

Petitioners did not substantiate these expenses. They provided documents that purportedly substantiated only fractions of those amounts. Further, those consumer receipts did not demonstrate that the expenses were in fact for nursing uniforms. Nor has petitioner wife demonstrated that the terms of her employment required the uniforms or that they could not be worn as regular clothing. Simply put, petitioners have not met their burden.

Petitioners also claimed a deduction of $3,950 for "job search expenses" for each year at issue. Petitioner wife testified that those costs were for training courses in her field. A taxpayer may deduct expenses associated with seeking a new position within the same trade or business. See, e.g., Allemeier v. Commissioner, T.C. Memo. 2005-207. Education costs are deductible business expenses if the education (1) maintains or improves required skills in that trade or

**[\*12]** business; (2) is expressly required by the individual's employer; or (3) is required under applicable law or regulations and a condition for the individual to retain an established employment relationship, status, or rate of compensation. Id.; sec. 1.162-5(a)(1) and (2), Income Tax Regs.

Petitioners have not met their burden. Petitioner wife's testimony did not demonstrate that these requirements were met. This Court is not required to accept a taxpayer's self-serving, unverified and undocumented testimony. See Shea v. Commissioner, 112 T.C. 183, 189 (1999); Tokarski v. Commissioner, 87 T.C. at 77. Their testimony notwithstanding, petitioners also did not substantiate the expenses. Petitioners are not entitled to any deductions for unreimbursed employee expenses.

### C. Rental Real Estate Expenses

We now consider whether petitioners were entitled to deduct certain rental real estate expenses. A taxpayer may deduct all ordinary and necessary expenses paid or incurred with respect to management, conservation and maintenance of property held for production of income, including real property. Sec. 212(2); sec. 1.212-1(h), Income Tax Regs. Generally, a taxpayer must establish that the expenses are ordinary and necessary and must maintain records sufficient to substantiate the amounts of the deductions claimed. Sec. 6001; Meneguzzo v.

[*13] Commissioner, 43 T.C. 824, 831-832 (1965); sec. 1.6001-1(a), (e), Income Tax Regs.

Petitioners have not carried their burden. Petitioners' documentation failed to demonstrate a nexus to the Georgia properties' management, conservation or maintenance. Petitioners again did not corroborate these expenses. The Court sustains respondent's determination that petitioners are not entitled to rental expense deductions greater than those respondent conceded.

## III. Accuracy-Related Penalty

Finally, we address respondent's determination that petitioners are liable for an accuracy-related penalty under section 6662(a) for the years at issue. A taxpayer is liable for an accuracy-related penalty on any part of an underpayment attributable to, among other things, a substantial understatement of income tax. See sec. 6662(a) and (b)(1) and (2); sec. 1.6662-2(a)(1) and (2), Income Tax Regs. There is a substantial understatement of income tax if the amount of the understatement exceeds the greater of either 10% of the tax required to be shown on the return or $5,000. Sec. 6662(a), (b)(2), (d)(1)(A); sec. 1.6662-4(a) and (b), Income Tax Regs.; see Jarman v. Commissioner, T.C. Memo. 2010-285.

The Commissioner has the burden of production with respect to the accuracy-related penalty. Sec. 7491(c); Rule 142(a); see Higbee v. Commissioner,

**[\*14]** 116 T.C. at 446-447. We find that respondent has met his burden of production if Rule 155 computations show petitioners have a substantial understatement of income tax for each year at issue.[6] See Higbee v. Commissioner, 116 T.C. at 446; Jarman v. Commissioner, T.C. Memo. 2010-285.

A taxpayer is not liable for an accuracy-related penalty, however, if the taxpayer acted with reasonable cause and in good faith with respect to any portion of the underpayment. Sec. 6664(c)(1); sec. 1.6664-4(a), Income Tax Regs. The determination of whether a taxpayer acted with reasonable cause and in good faith depends on the pertinent facts and circumstances, including the taxpayer's efforts to assess his or her proper tax liability; the knowledge, experience and education of the taxpayer, and the reliance on the advice of a professional. Sec. 1.6664-4(b)(1), Income Tax Regs. Generally, the most important factor is the extent of the taxpayer's effort to assess the proper tax liability. Id. The taxpayer has the

---

[6]Respondent determined in the alternative that petitioners are liable for the accuracy-related penalty on the portion of the underpayment attributable to negligence or disregard of rules or regulations. "Negligence" includes the failure to make a reasonable attempt to comply with provisions of the Code as well as any failure by the taxpayer to keep adequate books and records or to substantiate deductions and credits claimed on the return. See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. The term "disregard" includes any careless, reckless or intentional disregard. See sec. 6662(c). Petitioners failed to keep adequate records or substantiate their claimed expenses. We find therefore that respondent has satisfied his burden of production for imposing the accuracy-related penalty for negligence or disregard of rules or regulations.

[*15] burden of proving the reasonable cause and good-faith exception applies.

Sec. 7491(c); Rule 142(a); see Higbee v. Commissioner, 116 T.C. at 446-447.

A return preparer completed petitioners' joint individual income tax returns for the years at issue. We have found that reliance on a tax professional demonstrates reasonable cause when a taxpayer selects a competent tax adviser, supplies the adviser with all relevant information, and, consistent with ordinary business care and prudence, relies on the adviser's professional judgment as to the taxpayer's tax obligations. Sec. 6664(c)(1); Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 98-99 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002). All facts and circumstances are considered in determining whether a taxpayer reasonably relied in good faith on professional advice, including the taxpayer's education, sophistication and business experience. Sec. 1.6664-4(a) and (b), Income Tax Regs.

Petitioners did not establish that the return preparer was a competent professional with significant expertise to justify reliance or that petitioners provided the return preparer all necessary and accurate information. We therefore do not find that petitioners have shown that it was reasonable to rely on the return preparer. Further, we find that petitioners are well educated with business experience. Petitioner husband has a master of business administration degree and

**[*16]** experience operating a business. Petitioner wife is a medical professional. Thus, petitioners failed to otherwise show that their underpayment was due to reasonable cause and was in good faith.

Based on the entire record, we find that petitioners failed to establish that they acted with reasonable cause and in good faith with respect to the years at issue. Accordingly, petitioners are liable for the accuracy-related penalty on the underpayments for the years at issue.

We have considered all arguments the parties made in reaching our holding, and, to the extent not mentioned, we find them irrelevant or without merit.

To reflect the foregoing and respondent's concessions,

<u>Decision will be entered under</u>

<u>Rule 155</u>.