T.C. Summary Opinion 2021-32

UNITED STATES TAX COURT

AVITO M. VASQUEZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13677-18S.                    Filed September 13, 2021.

<u>Oscar Javier Ornelas</u>, for petitioner.

<u>Brock E. Whalen</u>, <u>Gabriel Nunez-Lafontaine</u>, and <u>Donald D. Priver</u>,

for respondent.

SUMMARY OPINION

VASQUEZ, <u>Judge</u>:  This case was heard pursuant to the provisions of

section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]

---

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect at all relevant times, and all Rule references are to the Tax

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $4,302 in petitioner's 2015 Federal income tax. After concessions,[2] the issue for decision is whether petitioner is entitled to a miscellaneous itemized deduction for unreimbursed employee business expenses.[3]

Background

Some of the facts have been stipulated and are so found. We incorporate the first stipulation of facts, first supplemental stipulation of facts, and accompanying exhibits by this reference. Petitioner resided in Texas when he filed his petition.

_____

Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

[2]Respondent disallowed petitioner's itemized deduction for tax preparation fees. Petitioner did not assign error in his petition or supply argument or other evidence concerning it at trial. We deem the issue conceded. See Rule 34(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded.").
Furthermore, respondent concedes that petitioner is entitled to itemized deductions of $2,175 and $1,875 for home mortgage interest and taxes, respectively.

[3]This issue is considered before the application of the 2% of adjusted gross income limitation imposed by sec. 67(a). The Tax Cuts and Jobs Act of 2017, Pub. L. No. 115-97, sec. 11045, 131 Stat. at 2088, amended sec. 67 by suspending miscellaneous itemized deductions for any taxable year beginning after December 31, 2017, and before January 1, 2026.

I.      Petitioner's Background

Petitioner is a commercial industrial electrician in the oil and gas industry. For over 35 years he maintained a home in Canutillo, Texas. Petitioner's family also lived in Canutillo.

In 2014 petitioner worked for two employers, one of which was Elkhorn Holdings, Inc. (Elkhorn). As an Elkhorn employee, petitioner was responsible for running electricity through cables, pipes, and cable trains in oil fields. He worked for Elkhorn on a per-project basis and received assignments from his supervisors by phone. Although projects could end with less than a day's notice, petitioner's Elkhorn supervisor gave him the impression that work would be available for the foreseeable future. In 2014 petitioner worked for Elkhorn in Seminole, Texas.

During 2015 Elkhorn was petitioner's only employer. That year petitioner worked in the vicinity of Hobbs, New Mexico. Hobbs is approximately 30 miles from Seminole and approximately 237 miles from petitioner's Canutillo home.[4] Petitioner performed services for Elkhorn in Hobbs from January 2015 to June 5, 2015, when he was laid off. In August 2015 Elkhorn rehired him, and he worked in Hobbs until late December 2015.

---

[4]We take judicial notice of the distances between Hobbs and Seminole and between Hobbs and Canutillo.

While unemployed during the summer of 2015, petitioner applied for unemployment benefits. On his application he listed his Canutillo home as his residence. Petitioner did not attempt to find work as a commercial electrician near his home in Canutillo, where such jobs were scarce and offered minimal pay.

Petitioner owned a recreational vehicle (RV), which he kept at a leased space in Hobbs. He slept there during the workweek while performing services for Elkhorn. After the workweek he drove back to Canutillo, leaving the RV in Hobbs. Elkhorn did not require petitioner to travel to Canutillo on nonworking days.

While working for Elkhorn in 2015, petitioner used his personal cell phone to speak with his supervisor approximately 10 times per day. Those calls accounted for 50% of his cell phone use; the remaining calls were personal. Petitioner's cell phone expenditures totaled $1,433 for 2015.

II.    Petitioner's Tax Return and Notice of Deficiency

Petitioner filed Form 1040, U.S. Individual Income Tax Return, for 2015. On his Schedule A, Itemized Deductions, petitioner claimed a deduction of $31,969 for unreimbursed employee business expenses. That deduction comprised

41,025 business miles totaling $23,589,[5] meals and entertainment expenses of $2,480, and other business expenses of $5,900.

On April 9, 2018, respondent mailed petitioner a notice of deficiency for 2015. Therein respondent disallowed all of petitioner's itemized deductions and instead allowed him the standard deduction of $6,300. Petitioner timely filed a petition with this Court seeking redetermination, and trial was held in El Paso, Texas.

## Discussion

Section 162 allows a taxpayer to deduct all ordinary and necessary expenses paid or incurred by the taxpayer in carrying on a trade or business; but personal, living, or family expenses are not deductible. Secs. 162(a), 262(a). An expense is "ordinary" if it is "normal, usual, or customary" in the taxpayer's trade or business. See Deputy v. du Pont, 308 U.S. 488, 495 (1940). An expense is "necessary" if it is "appropriate and helpful" in the taxpayer's business, but it need not be absolutely essential. Commissioner v. Tellier, 383 U.S. 687, 689 (1966) (citing Welch v. Helvering, 290 U.S. 111, 113 (1933)). Whether an expense is deductible pursuant to section 162 is a question of fact to be decided on the basis of all the

---

[5]In lieu of substantiating actual passenger automobile expenses, a taxpayer may calculate them by using the standard mileage rate established by the Commissioner. See sec. 1.274-5(j)(2), Income Tax Regs.

relevant facts and circumstances.  Cloud v. Commissioner, 97 T.C. 613, 618 (1991) (citing Commissioner v. Heininger, 320 U.S. 467, 473-475 (1943)).

A trade or business includes performing services as an employee, and, thus, an employee may deduct expenses that are ordinary and necessary to his employment.  See Lucas v. Commissioner, 79 T.C. 1, 6 (1982).  However, an employee expense is not ordinary and necessary if the taxpayer is entitled to reimbursement from his employer.  See Podems v. Commissioner, 24 T.C. 21, 22-23 (1955).

The taxpayer bears the burden of proving that he is entitled to the deduction claimed, and this includes the burden of substantiation.[6]  See Rule 142(a); Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976).  A taxpayer must substantiate amounts claimed as deductions by maintaining the records necessary to establish that he is entitled to the deductions.  See sec. 6001.  If a taxpayer establishes that he paid or incurred a

---

[6]Sec. 7491(a) provides that if, in any court proceeding, a taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the liability of the taxpayer for any tax imposed by subtit. A or B and meets certain other prerequisites, the Commissioner shall have the burden of proof with respect to that issue.  Higbee v. Commissioner, 116 T.C. 438, 440-441 (2001).  However, petitioner has neither claimed nor shown that he satisfied the requirements of sec. 7491(a) to shift the burden of proof to respondent.  Accordingly, petitioner bears the burden of proof.  See Rule 142(a).

deductible expense but does not establish the amount of the expense, we may approximate the amount of the allowable deduction, bearing heavily against the taxpayer whose inexactitude is of his own making. <u>Cohan v. Commissioner</u>, 39 F.2d 540, 543-544 (2d Cir. 1930). Certain expenses may not be estimated because of the strict substantiation requirements of section 274(d). <u>See</u> <u>Sanford v. Commissioner</u>, 50 T.C. 823, 827-828 (1968), <u>aff'd per curiam</u>, 412 F.2d 201 (2d Cir. 1969).

As explained below, we hold that none of the unreimbursed employee business expenses in dispute is deductible.

I.      <u>Automobile Expenses</u>

After multiplying his reported business miles by the standard mileage rate, petitioner deducted automobile expenses of $23,589. On brief petitioner argues that he may deduct $11,645 for unreimbursed travel between his Canutillo residence and Hobbs and between Hobbs and remote worksites.[7] We disagree.

---

[7]Petitioner does not address the remaining $11,944 of disallowed automobile expenses on brief. We therefore deem the issue abandoned as to that portion of the reported expense. <u>See</u> <u>Mendes v. Commissioner</u>, 121 T.C. 308, 312-313 (2003); <u>Nicklaus v. Commissioner</u>, 117 T.C. 117, 120 n.4 (2001); <u>Rybak v. Commissioner</u>, 91 T.C. 524, 566 n.19 (1988).

A.      <u>Travel Between Canutillo and Hobbs</u>

Petitioner argues that his travel expenses for trips between Canutillo and Hobbs are deductible under section 162(a)(2). That section permits a taxpayer to deduct ordinary and necessary traveling expenses (including meals and lodging) incurred during the taxable year in carrying on any trade or business if: (1) the expense is incurred "while away from home" and (2) the expense is incurred in the pursuit of a trade or business. See <u>Commissioner v. Flowers</u>, 326 U.S. 465, 470 (1946).

In the context of section 162(a)(2), a taxpayer's home generally refers to the area of a taxpayer's principal place of employment, whether or not in the vicinity of the taxpayer's personal residence. <u>Robertson v. Commissioner</u>, 190 F.3d 392, 395 (5th Cir. 1999), <u>aff'g</u> T.C. Memo. 1997-526; <u>Daly v. Commissioner</u>, 72 T.C. 190, 195 (1979), <u>aff'd</u>, 662 F.2d 253 (4th Cir. 1981); <u>Kroll v. Commissioner</u>, 49 T.C. 557, 561-562 (1968). An exception to the general rule in defining a taxpayer's home may exist where the taxpayer has accepted "temporary" employment away from his permanent personal residence. <u>Peurifoy v. Commissioner</u>, 358 U.S. 59, 60 (1958). In that event the taxpayer's tax home may remain in the area of his permanent personal residence so that he is "away from

home" while stationed at the temporary jobsite. See id.; Kroll v. Commissioner, 49 T.C. at 562.

The parties disagree about whether petitioner's employment for Elkhorn in Hobbs was temporary. According to petitioner, his employment there was temporary because it was on a per-project basis. He cites his layoff and rehiring in the summer of 2015 as evidence that he expected his time in Hobbs to be short. Respondent counters that petitioner's employment in Hobbs was indefinite because Elkhorn regularly gave petitioner new assignments, along with assurances of future employment.

We need not decide whether petitioner's employment in Hobbs was temporary. Even if we assumed temporary employment for the sake of argument, the cost of petitioner's trips between Hobbs and Canutillo would not fall within the purview of section 162(a)(2). See Liljeberg v. Commissioner, 148 T.C. 83 (2017), aff'd, 907 F.3d 623 (D.C. Cir. 2018).

In Liljeberg v. Commissioner, 148 T.C. at 98, we stated that a temporary absence alone does not make a taxpayer's personal residence his tax home. The taxpayer must also have a business reason to maintain a distant, separate residence. Id. "Thus, a taxpayer who pursues temporary employment away from the location of his usual residence, but has no business connection with that location, is not

'away from home' for purposes of section 162(a)(2)." Id. at 98-99 (quoting Hantzis v. Commissioner, 638 F.2d 248, 255 (1st Cir. 1981), rev'g T.C. Memo. 1979-299).

The record does not establish that petitioner had any business connections in the vicinity of Canutillo. While unemployed in the summer of 2015, he did not attempt to find work near his residence. As petitioner acknowledged at trial, job opportunities in his field were scarce in and around Canutillo. On the record before us, petitioner's only tie to Canutillo was familial, which is a personal and not a business connection. We therefore find that petitioner's choice to maintain a home in Canutillo was for personal rather than business reasons. Accordingly, petitioner was not "away from home" while working in Hobbs. See id. at 98.

B.     Travel Between Hobbs and Remote Work Locations

On brief petitioner suggests that some of his reported expenses arose from travel between Hobbs and other remote work locations. Respondent acknowledges that petitioner might have been away from his tax home when he traveled to remote worksites outside of Hobbs. However, respondent asserts that no deduction is allowable because petitioner failed to substantiate his mileage. We agree.

Because automobiles are listed property, automobile expenses are subject to the strict substantiation requirements of section 274(d). See secs. 274(d)(4),

280F(d)(4)(A)(i). To deduct such expenses, the taxpayer must substantiate through adequate records or other corroborative evidence the amount of the expense, the time and place of the expense, and the business purpose of the expense. Sec. 274(d).

To meet the "adequate records" test under section 274(d) and the relevant regulations, the taxpayer must maintain an account book, a diary, a log, a statement of expense, trip sheets, or similar records, and documentary evidence, such as receipts or bills, which, in combination, are sufficient to establish each element of an expenditure or use. See sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). In the absence of adequate records to establish each element of an expense under section 274(d), a taxpayer may alternatively establish an element "(A) [b]y his own statement, whether written or oral, containing specific information in detail as to such element; and (B) [b]y other corroborative evidence sufficient to establish such element." Sec. 1.274-5T(c)(3)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985). The strict substantiation requirements for vehicle expenses as to the amount of each business use and the time and business purpose of each use must be met even where the optional standard mileage rate is used. Sec. 1.274-5(j)(2), Income Tax Regs.

At trial petitioner testified generally about some of his Elkhorn projects but did not produce a log or similar record of his travel to remote worksites. Although the record includes petitioner's bank statements and Elkhorn time reports, those documents do not reveal the precise locations of the remote worksites or the dates of travel thereto. Consequently, we cannot ascertain how many miles petitioner drove to get to the remote worksites. We therefore conclude that petitioner failed to substantiate his mileage for those trips.

## II.   Meals and Entertainment

On his return petitioner claimed a deduction of $2,480 for meals and entertainment. Respondent disallowed the deduction in full. Petitioner did not address this issue in his simultaneous opening or answering brief. We therefore deem the issue abandoned.[8] See Mendes v. Commissioner, 121 T.C. 308, 312-313 (2003); Nicklaus v. Commissioner, 117 T.C. 117, 120 n.4 (2001); Rybak v. Commissioner, 91 T.C. 524, 566 n.19 (1988).

## III.   Other Expenses

Respondent disallowed petitioner's deduction of $5,900 for other unreimbursed employee business expenses. According to petitioner, that amount

---

[8]In any event, the strict substantiation requirements of sec. 274(d) apply to this expense. Petitioner provided no document that qualifies as an adequate record within the meaning of sec. 274(d) and no other corroborative evidence sufficient to satisfy the requirements of that section.

includes deductible cell phone expenses of $1,419. He has not addressed the remaining $4,481, and we deem the issue abandoned as to that portion of the reported expense. <u>See</u> <u>Mendes v. Commissioner</u>, 121 T.C. at 312-313; <u>Nicklaus v. Commissioner</u>, 117 T.C. at 120 n.4; <u>Rybak v. Commissioner</u>, 91 T.C. at 566 n.19.

With respect to the cell phone expenses, petitioner credibly testified that 50% of his phone use pertained to Elkhorn. The other 50% was for personal use. Respondent concedes that petitioner paid $1,433 for the use of his cell phone in 2015. Respondent further concedes that petitioner had deductible cell phone expenses of one-half that amount, $717. However, respondent maintains that the remaining $716 is not deductible. Because 50% of petitioner's cell phone use was personal, we agree with respondent. <u>See</u> sec. 262(a).

Petitioner has not directed us to any evidence showing cell phone payments in excess of $1,433. We therefore accept respondent's concession and conclude that petitioner is entitled to a deduction of $717 for other unreimbursed employee business expenses. We sustain respondent's disallowance of the remaining $5,183.

In sum, we sustain those determinations not conceded by respondent.[9]  In reaching our holding, we have considered all arguments made, and to the extent not mentioned, we consider them irrelevant, moot, or without merit.

To reflect the foregoing,

Decision will be entered under

Rule 155.

---

[9]We leave the question of whether petitioner would benefit by claiming an itemized deduction as opposed to a standard deduction to the parties' computation under Rule 155.